NUMBER 13-00-057-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


JAMES WAYNE , Appellant,


v.


A.V.A. VENDING, INC., Appellee.

___________________________________________________________________


On appeal from the County Court at Law No. 2 

of Victoria County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Rodriguez


This is a suit to enforce a commercial real estate lease. A jury awarded James Wayne, appellant, $4,265.00 in actual
damages for breach of contract. By three points of error, appellant contends the excessive demand doctrine does not apply
to contractual attorney's fees, thus, the court improperly barred attorney's fees and pre-judgment interest by applying that
doctrine. Appellee, A.V.A. Vending, brings one cross-point complaining the court erred in granting appellant's motion for
Judgment Non Obstante Verdicto (JNOV) on the grounds of laches. Appellee also brings a conditional cross-point arguing
that the trial court erred in striking its counterclaim and refusing to submit certain jury questions. We affirm.

Appellant is the owner and landlord of commercial property leased by appellee. Appellee had a three-year lease agreement
with appellant's predecessor in title. The lease expired in July 1989. Appellee remained a tenant, paying monthly rent and
common area charges as set out in the original lease agreement. In February 1994, appellee vacated the premises without
paying the last two months rent.

After appellee vacated the property, appellant made two separate demands for money allegedly owed under the lease
agreement. (1) The first letter, sent from appellant's attorney to appellee's attorney, demanded approximately $37,000.00 for
(1) back rent; (2) damages caused by appellee's alleged failure to surrender the premises in good condition; (3) "holdover
rent" of double the normal rent for the entire holdover period; and (4) attorney's fees pursuant to the lease agreement. The
second letter demanded additional common area charges for the entire holdover period and additional attorney's fees. The
total demanded in the second letter was approximately $43,000.00. Before trial appellant amended his pleadings,
withdrawing his demands for double holdover rent and common area charges.

Following a trial on the merits, the jury found (1) appellee breached the lease agreement, (2) appellant made an excessive
demand on appellee, and (3) appellant had unreasonably delayed in bringing the suit so as to constitute laches. The jury
also awarded appellant compensation in the amount of $4,265.00 plus reasonable attorney's fees in the amount of
$11,500.00 for trial expenses, and $7,000.00 in the event of an appeal. Because the court concluded laches did not apply, it
granted appellant's motion for JNOV, and awarded the actual damages found by the jury. Furthermore, applying the
doctrine of excessive demand, the court disallowed recovery of attorney's fees and pre-judgment interest.

Before we examine appellant's points of error, we must first consider appellee's cross-point regarding the trial court's
granting appellant's JNOV on laches. A trial court may properly grant a JNOV if there is no evidence to support one or
more jury findings. See Tex R. Civ. P. 301; Best v. Ryan Auto Group Inc. 786 S.W.2d 670, 671 (Tex. 1990). The
reviewing court must examine all the evidence in a light most favorable to the jury findings and disregard all contrary
evidence and inferences. Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex. 1996); Williams v. Bennett, 610 S.W.2d 144, 145
(Tex. 1980).

Appellee argues that the JNOV was improper because there was legally sufficient evidence to support the jury's finding of
laches. Appellant responds that laches, an equitable remedy, should not apply because: (1) appellee's claim is a legal claim
for monetary damages, not a claim for equitable relief; and (2) even if applicable, appellee has not proven the essential
elements of laches.

The Texas Supreme Court has described laches as the unreasonable delay by one having legal or equitable rights in
asserting them and a good faith change in position by another to his detriment because of the delay. See City of Fort Worth
v. Johnson, 388 S.W.2d 400, 403 (Tex. 1964). The application of laches, however, is usually limited to cases arising out of
equity or actions at law that are essentially equitable in character. See Brewer v. Nationsbank of Texas, N.A., 28 S.W.3d
801 (Tex. App.--Corpus Christi 2000, no writ); see also In re Moragas, 972 S.W.2d 86, 92 (Tex. App.--Texarkana 1998,
no writ) (laches is not available in suit to enforce statutory legal right). Furthermore, this Court has held "laches . . . [is]
peculiarly available against the assertion of equitable rights, and may not be invoked to resist the enforcement of a purely
legal right." Dillard v. Broyles, 633 S.W.2d 636, 645 (Tex. App.--Corpus Christi 1982, writ ref'd n.r.e.); see Attorney
General of the State of Texas on behalf of Ford v. Daurbigny, 702 S.W.2d 298 (Tex. App.--Houston [1st Dist.] 1985, no
writ) (holding laches is only available against an assertion of equitable rights, not a claim based on an express statutory
duty). The present case is a claim for breach of contract, a legal right. Appellant has a complete, adequate, legal remedy in
a suit for damages for the alleged breach of the lease agreement. Appellant seeks a legal remedy, money damages for back
rent and appellee's alleged failure to maintain the property. This is a claim based in law, no specific performance or
injunctive relief is requested. Appellee cites no authority that allows the defense of laches to be used to defeat a claim
brought strictly on legal grounds. See Tex. R. App. P. 38.1(h). We conclude that the defense of laches does not apply in
this case.

However, even if laches applied appellee has not satisfied the elements established in City of Fort Worthand its progeny. In
order to justify a defense of laches, the plaintiff must have unreasonably delayed in asserting his claim and the defendant
must have detrimentally changed his position because of the delay. See City of Fort Worth, 388 S.W.2d at 403; see also
Caldwell v. Barnes, 975 S.W.2d 535, 538 (Tex. 1998); Federal Financial Co. v. Delgado, 1 S.W.3d 181, 186 (Tex.
App.--Corpus Christi 1999, no writ).

Appellee first contends appellant delayed in asserting his claim. Appellant filed three lawsuits; the first was filed within
two months of appellee's vacating the property. The first two actions were properly non-suited by appellant. See Tex. R.
Civ. P. 162; Greenberg v. Brookshire, 640 S.W.2d 870 (Tex. 1982). The present suit is the third filed on the same grounds. 
It was brought approximately three and one-half years after appellee vacated the property. Each new suit was filed shortly
after the previous non-suit. Arguably, because of the non-suits, the filing of the present suit was unreasonably delayed. 
Nonetheless, a mere showing of delay does not satisfy the requirements of laches, that delay must have injured the
defendant. See Regent Intern. Hotels Ltd. v. Las Colinas Hotels Corp., 704 S.W.2d 101, 106 (Tex. App.--Dallas 1985, no
writ); Gulf, Colorado & Santa Fe Railway Co. v. McBride, 322 S.W.2d 492, 500 (Tex. 1959).

Appellee argues that its position was detrimentally changed by the delay when it had to change counsel, and when it
allegedly lost witnesses critical to its defense. Appellee's original attorney was forced to withdraw due to health concerns,
and appellee's subsequent counsel continued its defense. Appellee does not complain of ineffective assistance, but only
that the delay caused it to change counsel. We conclude this is not grounds for establishing a detrimental change in
appellee's position because of delay. Furthermore, although appellee may have preferred to have live witness testimony
regarding the condition of the property at the time appellee vacated, the witnesses were, at one time, available to testify.
Appellee could have deposed the witnesses or requested sworn affidavits. A claim may be barred by laches if the delay
impairs the defendant's ability to defend against the claim or ascertain the true facts. See DeBenavides v. Warren, 674
S.W.2d 353, 362 (Tex. App.--San Antonio 1984, writ ref'd n.r.e.). In this case, however, appellee could have obtained the
evidence and still effectively defended against the claim. Therefore any change in appellee's position regarding witnesses
was not sufficient to satisfy the requirements of laches.

Furthermore, even if laches applied, it will not bar a suit short of the period set forth in the limitation statute, when there are
no extraordinary circumstances. See Caldwell, 975 S.W.2d at 538; Wakefield v. Bevley, 704 S.W.2d 339, 345 (Tex.
App.--Corpus Christi 1985, no writ). The type of extraordinary circumstances requisite to introduce laches in such a
situation must work a grave injustice upon the defendant. See Culver v. Pickens, 176 S.W.2d 167, 170 (Tex. 1943). The
Texas Supreme Court has held if the circumstances of the case are no more extraordinary than any case where a party has
delayed in asserting a contractual right for a period of time less than the statute of limitations allows, there is nothing
inequitable in refusing to apply the doctrine of laches to petitioner's claims before the statute of limitations has run. See
Barfield v. Howard M. Smith Co., 426 S.W.2d 834, 840 (Tex. 1968). As appellant brought suit before the applicable
statute of limitations of four years had run and there is no evidence of "grave injustice" toward appellee, the doctrine of
laches would be barred on this basis. SeeTex. Civ. Prac. & Rem. Code Ann. § 16.004 (Vernon 1986). Accordingly,
appellee's cross-point urging reversal of the trial court's JNOV on the grounds of laches is overruled.

By his first point of error, appellant contends the excessive demand doctrine does not apply to an award of attorney's fees
that is based on a contract rather than on a statute. (2) Traditionally, a prevailing party cannot recover attorney's fees from an
opposing party unless permitted by statute or by contract between the parties. See Holland v. Wal-Mart Stores, Inc., 1
S.W.3d 91, 95 (Tex. 1999). Although appellant contends that his basis for recovering attorney's fees is a provision in the
lease agreement, his petition asserts entitlement pursuant to the lease agreement and, alternatively, pursuant to statute.

Section 38.001 of the Texas Civil Practices and Remedies Code provides that a person may recover reasonable attorney's
fees, in addition to the amount of a valid claim and costs, if the claim is based on an oral or written contract. See Tex. Civ.
Prac. & Rem. Code Ann. § 38.001 (Vernon 1986); Rauscher Pierce Refsnes, Inc. v. Koenig, 794 S.W.2d 514, 516 (Tex.
App.--Corpus Christi 1990, writ denied). Before attorney's fees may be awarded under this statute, (1) the claimant must be
represented by an attorney, (2) the claim must be presented to the opposing party and (3) there must be no tender of the just
amount owed before the expiration of the thirtieth day after the claim is presented. See Tex. Civ. Prac. & Rem. Code §
38.002 (Vernon 1986); Staff Industries, Inc. v. Hallmark Contracting, Inc., 846 S.W.2d 542, 548 (Tex. App.--Corpus
Christi 1993, no writ); Essex Crane Rental Corp. v. Striland Construction Co., 753 S.W.2d 751, 758 (Tex. App.--Dallas
1988, writ denied). In the present case, both parties were represented by attorneys; not one, but two demands were made;
and no tender of any amount was made. All the requirements necessary for appellant to collect attorney's fees pursuant to
the statute are present. However, courts have limited the award of attorney's fees by applying the excessive demand
doctrine to section 38.001, even though that section does not expressly address excessive demands. See Pennington v.
Gurkoff, 899 S.W.2d 767, 772 (Tex. App.-Fort Worth 1995, writ denied) (applied excessive demand doctrine to attorney's
fees claim based on oral contract under section 38.01); Findlay v. Cave, 611 S.W.2d 57, 58 (Tex. 1981) (applying former
article 2226, now section 38.001 of the Texas Civil Practices and Remedies Code, court applied excessive demand doctrine
to contractual attorney's fees claim); Staff Industries, 846 S.W.2d at 548 (court applied excessive demand doctrine to
section 38.001 attorney's fee claim in breach of construction contract action).

Appellant argues that a demand was not required in this case because payment of attorney's fees was based on a provision
in the lease agreement, not the statute. Appellant reasons that because no demand was required by the lease, the doctrine of
excessive demand cannot apply.

The attorney's fee provision in the lease agreement provides:

In the event Tenant defaults in the performance of any of the terms, covenants, agreements or conditions contained in this
lease and landlord places same in the hands of an attorney, for the enforcement of all or any part of this lease, the collection
of any rent due or to become due or recovery of the possession of the leased premises, Tenant agrees to pay Landlord
reasonable attorney's fees for the services of the attorney, whether suit is actually filed or not. 

Appellant's argument is premised on the assumption that the lease agreement will trump the statute. This argument is not
without merit. Parties are free to adopt a more liberal standard for recovery of attorney's fees in their contract and the
appellate court is bound by their choice. See One Call Sys., Inc. v. Houston Lighting & Power Co., 936 S.W.2d 673, 676
(Tex. App.--Houston [14th Dist.] 1996, writ denied). We do not disagree that the parties are free to make a contractual
agreement for attorney's fees with more liberal standards (or more strict) than that of section 38 of the civil practices and
remedies code. We also agree that this lease agreement does not require a demand be made. Nonetheless, two demands
were made. The argument over whether a demand was required is, therefore, moot.

As set out above, if one party to a pending lawsuit, based on a breach of contract, makes a claim upon the other party and
the other party refuses to tender the just amount, the claiming party may recover attorney's fees pursuant to statute. See
Tex. Civ. Prac. & Rem. Code Ann.§ 38.001(8) (Vernon 1986);Lyons v. Montgomery, 701 S.W.2d 641, 644 (Tex. 1985). 
This proposition is based on the worthy goal of increasing settlement and decreasing litigation. See Allstate Insurance Co.
v. Lincoln, 976 S.W.2d 873, 878 (Tex. App.--Waco 1998, no writ). However, this rule is tempered by the doctrine of
excessive demand. If the claiming party makes an unreasonable demand, the other party should not be forced to pay the
demand or else risk suffering the opposing party's attorney's fees. See id. (excessive demand doctrine protects a party to a
contract from attorney's fees due to its inability to settle claim based on a unreasonable demand). It seems inherently
logical that this doctrine should also apply when a demand is made and the right to attorney's fees is based on a provision in
a contract. We hold, therefore, when a demand is made on a contract which contains an attorney's fees clause, the doctrine
of excessive demand applies. Appellant's first point of error is overruled.

By his second point, appellant contends there was legally or factually insufficient evidence to support the jury's finding that
an excessive demand was made. When, as in this case, the appellant complaining of the legal insufficiency of an adverse
verdict did not have the burden of proof on the issue at the trial court, the reviewing court must use a no evidence standard. 
See Hickey v. Couchman, 797 S.W.2d 103, 109 (Tex. App.--Corpus Christi 1990, writ denied). The Texas Supreme Court
has stated that when reviewing a verdict under this standard, an appellate court must consider all of the record evidence in a
light most favorable to the party in whose favor the verdict has been rendered, and every reasonable inference deducible
from the evidence is to be indulged in that party's favor. See Associated Indem. Corp. v. Cat Contracting, Inc., 964 S.W.2d
276, 286. (Tex. 1998).

In considering whether a demand is excessive or not, the dollar amount is not by itself indicative. The dispositive inquiry
for determining whether a demand is excessive is whether the claimant acted unreasonably or in bad faith. Findlay, 611
S.W.2d at 58; Staff Industries, 846 S.W.2d at 548. Without addressing bad faith, we conclude appellant's demand upon
appellee was unreasonable. Even though provided for in the contract, demanding double holdover rent when that clause
had been manifestly waived for over four years, is unreasonable. Additionally, in appellant's second demand letter,
appellant requested common area charges over the entire holdover period. The record indicates that appellee had already
paid these common area charges over the course of its tenancy. If a claimant demands monies to which he is not entitled,
that demand is unreasonable and consequently excessive. See Ingham v. Harrison, 224 S.W.2d 1019, 1022 (Tex. 1949). 
Considering all record evidence in a light most favorable to appellee, and indulging every reasonable inference deducible
from the evidence in its favor, we conclude the evidence is legally sufficient to show that appellant made an excessive
demand upon appellee.

When determining factual insufficiency of an adverse finding where the other party had the burden of proof, we must
consider, weigh and examine all of the evidence which supports and which is contrary to the jury's determination. See
Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989);Hickey, 797 S.W.2d at 109. The court should only set
aside the verdict if the evidence which supports the jury finding is so weak as to be clearly wrong and manifestly unjust. 
Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986) (per curium). In considering all the evidence in the record, we cannot say
that the evidence supporting the jury finding is so weak as to be clearly wrong and manifestly unjust. Appellant's second
point of error is overruled.

Appellant's third point of error is that the trial court erred in not awarding pre-judgment interest because the excessive
demand doctrine does not apply to such interest. In support of this point, appellant argues pre-judgment interest is proper
for the same reasons that he argues attorney's fees are proper. See Staff Industries, 846 S.W.2d at 549 (connecting recovery
of attorney's fees and pre-judgment interest). We agree with appellant's correlation between attorney's fees and
pre-judgment interest. Accordingly, because we have held attorney's fees are barred by the excessive demand doctrine in
this case, we also hold that an award of pre-judgment interest is barred. Appellant's third point of error is overruled.

Appellee's second cross-point was made conditional on this Court granting the relief requested by appellant. As we have
granted appellant none of the relief requested, appellee's cross point is moot. 

The judgment of the trial court is affirmed.





NELDA V. RODRIGUEZ

Justice



Publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 12th day of July, 2001.

1. Without providing record cites or authority to support his assertion, appellant contends no "demand" was made. See Tex.
R. App. P. 38.1(f) & (h). Contrary to that assertion, letters sent from appellant to appellee through their respective
attorneys, specifically state that a "demand is hereby made on A.V.A. Vending, Inc." Thus, we conclude not one, but two
demands were made. 

2. A demand is excessive if the claimant acts unreasonably or in bad faith. See Findlay v. Cave, 611 S.W.2d 57, 58 (Tex.
1981); Staff Industries, Inc. v. Hallmark Contracting, Inc., 846 S.W.2d 542, 548 (Tex. App.--Corpus Christi 1993, no writ).