ACCEPTED
12-15-00087-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/28/2015 6:11:03 PM
CATHY LUSK
CLERK

CASE NO. 12-15-00087-CV

IN THE

TWELFTH COURT OF APPEALS

at Tyler

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/28/2015 6:11:03 PM
CATHY S. LUSK
Clerk

_____

EXCO OPERATING COMPANY, LP

Appellant,

V.

MARY K. MCGEE

Appellee.

_____

Appeal from Cause No. 369-09
115th District Court, Upshur County, Texas
Honorable Lauren Parish Presiding

_____

REPLY BRIEF OF APPELLANT EXCO OPERATING COMPANY, LP

JENNIFER PARKER AINSWORTH
Texas Bar No. 00784720
E-mail: jainsworth@wilsonlawfirm.com
MATTHEW T. MILAM
Texas Bar No. 24065746
E-mail: mmilam@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
One American Center
909 ESE Loop 323, Suite 400 [01]
P.O. Box 7339
Tyler, Texas 75711-7339
Telephone:  903/509-5000
Telecopier:  903/509-5091

ATTORNEYS FOR APPELLANT
EXCO OPERATING COMPANY, LP

**ORAL ARGUMENT REQUESTED**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES.................................................................................... ii

OBJECTIONS TO APPELLEE'S STATEMENT OF FACTS ..................................iv

TERMINOLOGY ................................................................................................v

ARGUMENT AND AUTHORITIES.......................................................................1

PRAYER ...........................................................................................................19

CERTIFICATE OF SERVICE .............................................................................20

CERTIFICATE OF COMPLIANCE......................................................................21

# INDEX OF AUTHORITIES

CASES                                                                          PAGE(S)

*Arthur Anderson & Co. v. Perry Equip. Corp.*,
     945 S.W.2d 812 (Tex. 1997) ........................................................9, 10, 11, 12

*Bocquet v. Herring*, 972 S.W.2d 19 (Tex. 1998)....................................................9

*Findlay v. Cave*, 611 S.W.2d 57 (Tex. 1981) ..................................1, 2, 6, 13, 14, 15

*Fleming & Assocs. v. Barton*, No. 14-12-00582-CV
     (Tex. Ct. App. [Houston-14th Dist.], Feb. 27, 2014
     pet. denied May 1, 2015) ........................................................17, 18

*In re M.S.*, 115 S.W.3d 534 (Tex. 2003)...................................................8

*Outdoor Sys., Inc. v. BBE, LLC*, 105 S.W.3d 66
     (Tex. App.–Eastland 2003, pet. denied) ................................................6, 7, 8

*Reeder v. Wood Cnty. Energy L.L.C.*, 320 S.W.3d 433
     (Tex. App.–Tyler  2010) *rev'd on other grounds*,
     395 S.W.3d 789 (Tex. 2012) ........................................................9

*Sabine Offshore Service, Inc. v. Port Arthur*,
     595 S.W.2d 840, 841 (Tex. 1979) ................................................8

*Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545 (Tex. 2009)........................13, 14

*Tex. Gen. Indem. Co. v. Speakman*,
     736 S.W.2d 874 (Tex. App.–Dallas 1987, no writ)........................................12

*Tex. State Teachers Ass'n v. Garland Ind. Sch. Dist.*,
     489 U.S. 782, 793 (1989) ........................................................13

*Thomas v. Bobby D. Assocs.*, 2008 LEXIS 5881
     (Tex. App.–Tyler 2008, no pet.) ................................................11, 12, 16, 17

*Wayne v. A.V.A. Vending, Inc.*, 52 S.W.3d 412
(Tex. App.–Corpus Christi 2001, pet. denied)......................................1, 2, 3, 4

*Weaver v. Jamar*, 383 S.W.3d 805
(Tex. App.–Houston [14th Dist.] 2012, no pet.) ...........................................16

TEXAS STATUTES                                                                  PAGE(S)

TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 ......................................................17

TEX. CIV. PRAC. & REM. CODE ANN. § 38.003 ......................................................11

TEX. CIV. PRAC. & REM. CODE ANN. § 154.073(a)....................................................8

TEXAS RULES                                                                     PAGE(S)

TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.04,
reprinted in TEX. GOV'T CODE ANN. tit. 2, subtit. G,
app A (West 2014) (Tex. State Bar R. art. X § 9).......................................10

TEX. R. CIV. P. 408.................................................................................................8

iii

## OBJECTIONS TO APPELLEE'S STATEMENT OF FACTS

In her Statement of Facts, McGee makes assertions that refer to pages in the record that do not establish the facts asserted, and makes factual statements without citing any support in the record. Consequently, EXCO objects to the following statements by McGee, which are not supported by the record:

- "Though under Paragraph 14, EXCO was expressly obligated…to restore the drillsite to its proper condition, it did [not]." (McGee's Brief at 3).

- "Because the original Lease did not contain these extra agreements as conditions to EXCO's performance, McGee declined to sign them. (3 R.R. 46-47). As a result, EXCO never made any payment to McGee under the Lease. (3 R.R. 37-38)." (McGee's Brief at 3).

iv

# TERMINOLOGY

| | |
|---|---|
| "EXCO" or "Appellant" | Appellant/Defendant, EXCO Operating Company, LP |
| "McGee" or "Appellee" | Appellee/Plaintiff, Mary K. McGee |
| "Judge Parish" | Honorable Lauren Parish, 115th Judicial District Court, Upshur County, Texas |
| The "Lease" | That certain Oil, Gas and Mineral Lease dated February 21, 1996, originally between Curtis Webb and Wife Mary K. McGee, as lessors, and Amoco Production Company, as lessee. (5 R.R. Pl. Ex. 1) |
| The "Property" | That certain 93.9 acres of land, more or less, a part of the David Meredith Survey, A-315, being that land subject to the Lease and made the basis of the underlying lawsuit by McGee. |

## ARGUMENT AND AUTHORITIES

**A.**     **McGee is not entitled to attorney's fees because her demands of $90,000.00 were excessive.**

The dispositive inquiry for determining whether a demand is excessive is whether the claimant acted unreasonably or in bad faith. *Wayne v. A.V.A. Vending, Inc.*, 52 S.W.3d 412, 418 (Tex. App.–Corpus Christi 2001, pet. denied), citing *Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981). EXCO has previously directed this Court to evidence in the record which leaves no doubt that McGee acted unreasonably in demanding $90,000.00 from EXCO on two separate occasions. Such evidence includes the fact that: 1) McGee demanded amounts to which she was not entitled under the terms of the Lease; 2) McGee demanded an amount more than twenty times greater than that to which she was actually entitled under the terms of the Lease; 3) McGee demanded an amount nearly three times greater than the amount she sought at trial; and 4) McGee made her $90,000.00 demands without any basis for such amount. (See EXCO's Brief at 11-15).

McGee's responsive brief largely ignores the aforementioned evidence. She provides no explanation as to how she arrived at the demand amount of $90,000.00. This is not surprising given she testified in her deposition *after* she made her $90,000.00 demands that she had not even formulated an estimate as to the amount of her damages. (EXCO's Brief at 14-15). Instead, McGee attempts to distort the excessive demand issue before this Court, alleges facts that have no

1

support in the record and no relevance, and attempts to use the unliquidated nature of her claim as an excuse for its gross excessiveness. None of the foregoing can explain or excuse her excessive demands. To the contrary, they demonstrate the lack of any justification for her $90,000.00 demands and confirm the unreasonableness of McGee's actions in making such demands.

1. **McGee attempts to distort the excessive demand issue before the Court.**

With regard to the issue of excessive demand, McGee frames the issue as simply whether a plaintiff is entitled to attorney's fees when her settlement demands are greater than her actual recovery at trial. (McGee's Brief at ix). Although a judgment for less than the amount demanded is indeed some evidence of excessiveness, *the dispositive inquiry is whether the claimant **acted** unreasonably*. *Findlay v. Cave*, 611 S.W.2d at 58. Thus, this Court should absolutely consider that the judgment amount and the amount sought by McGee at trial are far less than the amount demanded by McGee. These vast discrepancies are certainly evidence of excessiveness. However, the Court's inquiry does not end there, as EXCO has presented additional evidence of McGee's excessive demands. For example, this Court should consider that McGee demanded amounts to which she was not entitled, such as compensation for losses related to a purported "change of drill location on land which [McGee] intended to build upon." (EXCO's Brief, App. Tabs 5 and 6). Where a claimant demands monies to which he is not entitled,

2

that demand is unreasonable and consequently excessive. *Wayne v. A.V.A. Vending, Inc.*, 52 S.W.3d at 418. Additionally, this Court should consider that McGee made her demands on EXCO without any basis for the amount she demanded, as such demands were made prior to McGee formulating any type of estimate of her damages. (EXCO's Brief at 14-15).

Taken as a whole, the evidence conclusively establishes as a matter of law that McGee acted unreasonably in making such demands and that the trial court's finding that McGee did not act unreasonably in making such demands is against the great weight and preponderance of the evidence.

2. **EXCO's performance under the terms of the Lease confirms the excessive nature of McGee's demands.**

McGee attempts to justify her $90,000.00 demands by alleging that EXCO failed to perform its contractual duties to pay McGee for her timber and restore the subject well site to its proper state. (McGee's Brief at 14). Rather than justifying her demands, EXCO's performance pursuant to the Lease actually confirms the excessiveness of her demands.

The primary problem with McGee's argument – that her demands were reasonable in light of EXCO's failure to restore the well site to its proper state – is that EXCO *did* restore the well site to its proper state. This is confirmed by the jury verdict, which awarded *nothing* to McGee for loss of property value, a finding that McGee has not appealed. (EXCO's Brief, App. Tab 3). The jury verdict

3

further demonstrates that McGee's demands sought amounts to which she was not entitled, and that they were therefore excessive. See *Wayne v. A.V.A. Vending, Inc.*, 52 S.W.3d at 418 ("Where a claimant demands monies to which he is not entitled, that demand is unreasonable and consequently excessive."). McGee was not entitled to damages for EXCO's purported failure to restore the well site. The jury verdict is indisputable. It does not contain an award for any such damages. (EXCO's Brief, App. Tab 3).

Moreover, McGee's argument is factually incorrect concerning evidence in the record regarding restoration of the well site. McGee includes photographs in her brief which she says were taken in October of 2011, approximately four years after drilling of the well was completed, allegedly showing the well site and surrounding location unrestored. (McGee's Brief at 17-19). These same photographs were admitted into evidence at trial as part of Plaintiff's Exhibit 7. (5 R.R. Pl.'s Ex. 7). Presumably, McGee intended to persuade this Court that the condition of the well site in October 2011 somehow justified her January 2012 demand of $90,000.00. The photographs McGee references, however, were *not* taken in October 2011; they were taken at the time the well was drilled in late 2006

or early 2007.[1]  In fact, McGee's counsel confirmed at trial these photographs were taken "during drilling:"

```
Q.   Okay.  You understand, correct, that when they
were drilling this well they cut down some timber?
     A.   Yes.
     Q.   You understand they put it into logs.
     A.   I would expect them to, yes.
     Q.   Well, I've got some pictures.  I'll show you.  I
don't want you to have to guess.  This is Exhibit 7 and
I'll tell you these are pictures that Mr. Freeman took
during the drilling.  You had a chance to see those
before?
```

DEANNA DRENNAN, CSR
OFFICIAL COURT REPORTER  -  115TH JUDICIAL DISTRICT
903-843-2836

(3 R.R. 34).  Additionally, EXCO's corporate representative, Jack Walker, testified that EXCO sold its interest in the subject well in December of 2009.

```
     Q.   Okay.  When did EXCO sell its interest in this
well?
     A.   We sold that in I believe December of 2009.
     Q.   Okay.  So has it been at least four years since
EXCO was the one that was maintaining the right-of-way?
```

```
     A.   That is correct.
```

---

[1] It is not disputed that the drilling of the well occurred in late 2006 and early 2007.  *See* McGee's Brief at 3 ("In late 2006 or early 2007, EXCO drilled a gas well on the Property.").

5

(3 R.R. 72-73). Accordingly, EXCO would not have performed restoration work on the site after December 2009, and certainly not in October 2011 or later.

### 3. McGee's demands were unreasonable, even though they were for unliquidated amounts.

McGee next tries to excuse her $90,000.00 demands by pointing out that the demands were unliquidated. (McGee's Brief at 20). The excessive demand doctrine, however, still applies to unliquidated sums. The Texas Supreme Court made this clear in *Findlay*. See *Findlay v. Cave*, 611 S.W.2d at 58 ("Certainly one can conceive of circumstances in which a demand for an unliquidated sum would have to be characterized as excessive, and attorney's fees denied."). Further, *Outdoor Sys., Inc. v. BBE, LLC,* 105 S.W.3d 66 (Tex. App.–Eastland 2003, pet. denied), involves a demand for *unliquidated damages* which was found to be excessive as a matter of law by the appellate court. In *Outdoor Systems*, BBE, a landlord, sought unpaid rent from its tenant, Outdoor Systems, and title to two billboards. *Id*. BBE sent a demand letter to Outdoor Systems demanding both rent for the past ten months and the total arrearages from the inception of the subject leases up to the last ten months. *Id.* at 70. The letter further demanded that Outdoor Systems forward its "advertising contracts from the inception of the Leases to the present so that [BBE] may audit and calculate the percentage payments that [were] owed throughout the term of the Leases." *Id*. The court noted that such letter "demanded too much," and that the "demand was not specific but was excessive,

6

unreasonable, imprecise, and required Outdoor Systems to perform acts not required by the leases." *Id.* at 71. The court further noted that Outdoor Systems was not personally liable for any unpaid rent prior to the time it became the tenant under the leases and that there was no requirement or obligation in the leases for the tenant to provide the landlord with advertising contracts relating to the billboards. *Id.* at 72. Although the trial court had awarded attorney's fees to the landlord in the amount of $75,000.00, the appellate court found as a matter of law that the demand made by BBE "was an excessive demand for an unliquidated sum and, thus, discharged any liability for fees expended thereafter." *Id.* at 73. Accordingly, the court reversed the award of attorney's fees and rendered judgment that Outdoor Systems was not liable for attorney's fees. *Id.* at 74.

This case is very similar to the *Outdoor Systems* case. Like the landlord in *Outdoor Systems*, McGee demanded amounts to which she was not entitled under the Lease. For example, McGee demanded compensation for losses related to a purported "change of drill location on land which [McGee] intended to build upon." (EXCO's Brief at App. Tab 5 and App. Tab 6). EXCO was expressly authorized by the Lease to drill on the portion of the Property on which it did. (EXCO's Brief at 12). Furthermore, the specific terms of the Lease did not provide for the recovery of any such damages. (EXCO's Brief at 12). Additionally, McGee demanded amounts over twenty times greater than what she recovered at trial and

nearly three times what she sought at trial. (EXCO's Brief at 13 and 14). Finally, as confirmed by McGee's appellate briefing, McGee's demands sought damages for an alleged failure to restore the subject well site to its proper condition. McGee did not recover any such damages at trial. (EXCO's Brief, App. Tab 3). Thus, it is indisputable that, just like the plaintiff in *Outdoor Systems*, McGee demanded far more than that to which she was entitled and her demands were therefore excessive.

4. **McGee's offers at mediation are not in the record and are irrelevant.**

McGee accuses EXCO of mischaracterizing the facts of this case by not mentioning settlement negotiations that occurred during mediation. There are two reasons why EXCO made no mention regarding the negotiations that occurred during mediation. First, there is no evidence in the record of the amounts demanded by McGee at mediation. The court cannot consider evidence that is not a part of the record. See, e.g., *Sabine Offshore Service, Inc. v. Port Arthur,* 595 S.W.2d 840, 841 (Tex. 1979). Second, any communication about the subject matter of a dispute made by a participant in an ADR proceeding is confidential, is not subject to disclosure, and cannot be used as evidence against the participant in any judicial or administrative proceeding. TEX. CIV. PRAC. & REM. CODE ANN. § 154.073(a); *In re M.S.,* 115 S.W.3d 534, 543 (Tex. 2003); see TEX. R. CIV. P. 408 (evidence of statements of compromise negotiations is generally not admissible).

8

In sum, any settlement negotiations at mediation are irrelevant as they are not in the record and could not be used as evidence against EXCO even if they were in the record.

In conclusion, this is not an issue of parties simply making settlement demands as part of the negotiation process which later have no bearing on the final resolution of the case. Here, McGee made demands based upon factual and legal grounds to which she was not entitled. Those unreasonable demands led directly to the case being tried to a jury rather than being resolved out of court. McGee should not be allowed to recover attorney's fees which she incurred because of her own unreasonable actions.

**B.** **The amount of attorney's fees awarded by the trial court was neither reasonable nor necessary.**

Even if McGee is entitled to some amount of attorney's fees, there is no evidence and/or factually insufficient evidence[2] to support the trial court's award of attorney's fees to Plaintiff in the amount of $39,773.75 and its findings that such attorney's fees were reasonable and necessary. Accordingly, the amount of attorney's fees awarded is excessive.

**1.** **The Arthur Anderson factors should be applied to this case, just as this Court has applied them previously.**

---

[2] Factual insufficiency to support an award of attorney's fees also constitutes an abuse of discretion by the court. *Reeder v. Wood Cnty Energy LLC*, 320 S.W.3d 433, 452 (Tex. App.–Tyler 2010) *rev'd on other grounds*, 395 S.W.3d 789 (Tex. 2012), citing *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

9

In *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) [quoting TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.04, reprinted in TEX. GOV'T CODE ANN. tit. 2, subtit. G, app A (West 2014) (Tex. State Bar R. art. X § 9)], the Texas Supreme Court set forth certain factors to be weighed in determining the reasonableness of attorney's fees, which include:

a.   the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

b.   the likelihood...that the acceptance of the particular employment will preclude other employment by the lawyer;

c.   the fee customarily charged in the locality for similar legal services;

d.   the amount involved and the results obtained;

e.   the time limitations imposed by the client or by the circumstances;

f.   the nature and length of the professional relationship with the client;

g.   the experience, reputation, and ability of the lawyer or lawyers performing the services; and

h.   whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

In her brief, McGee cautions "against a rigid adherence to the *Arthur Anderson* standards, and suggests that a better approach would be the one taken by

10

this court in *Thomas v. Bobby D. Assocs.*, 2008 LEXIS 5881 at *5 (Tex. App.–Tyler 2008, no pet.), being the number of hours worked and the hourly rate. However, this Court did not simply look at the number of hours worked and the hourly rate to determine the reasonableness of the fees in *Thomas*. In fact, in *Thomas*, this Court quoted the factors from *Arthur Anderson* and applied them to the facts of that case, noting specifically:

a. The trial lasted little more than a day. *Id.* at *10-11.

b. The issues involved were not complex. *Id.* at *11.

c. Bobby D. Associates sought in excess of $80,000.00, but recovered only $7,030.00. *Id.*

d. There was no evidence that plaintiff's attorneys were precluded from other employment because of their representation of plaintiff. *Id.*

e. The record did not show numerous trial settings, multiple depositions or any indication of a treacherous procedural history. *Id.*

f. Although the litigation lasted for seven years, there were periods when the case lay dormant for years. *Id.*

g. Multiple lawyers worked on the case. *Id.*

Furthermore, although McGee cites TEX. CIV. PRAC. & REM. CODE ANN. § 38.003 for the proposition that it is presumed that the usual and customary attorney's fees in a given dispute are reasonable, section 38.003 also provides that, "[t]he presumption may be rebutted." When the defendant presents evidence that

11

the plaintiff's attorney's fees were not reasonable, thus rebutting the presumption, the reasonableness of the attorney fees becomes a fact issue. *Texas Gen. Indem. Co. v. Speakman*, 736 S.W.2d 874, 885–86 (Tex. App.–Dallas 1987, no writ). Here, EXCO submitted an affidavit from EXCO's counsel, Jennifer Ainsworth, controverting the reasonableness of Plaintiff's alleged attorney's fees and, thus, at the least, raised a fact issue for the trial court. (C.R. 227-230).

Given the foregoing, there is no reason for this Court to stray from its own precedent and Texas Supreme Court precedent in evaluating the reasonableness of attorney's fees in this case and should apply the *Arthur Anderson* factors.[3]

### 2. The rates charged by McGee's attorney were unreasonable.

As noted in EXCO's Brief to this Court, McGee's attorneys charged hourly rates of $450.00 and $300.00, which are neither customary nor reasonable in East Texas for a case with an amount in controversy of less than $35,000.00. (EXCO's Brief at 21). In contrast, Jennifer Ainsworth, attorney for EXCO and a shareholder at Wilson, Robertson & Cornelius, P.C., charged an hourly rate of $200.00, and such firm's associate attorneys who worked on this matter charged an hourly rate of $150.00. (C.R. 229-230). McGee attempts to justify her counsel's hourly rates by

---

[3] Although EXCO believes that the *Arthur Anderson* factors should be considered, EXCO does not believe this Court's review is limited only to such factors. As this Court noted in *Thomas v. Bobby D. Assocs.*, 2008 LEXIS 5881 at *12–13, in determining whether the award was excessive, a reviewing court is entitled to look at the entire record, and view the matter in the light of the testimony, the record before it, the amount in controversy, and the justices' own common knowledge and experience as lawyers and judges.

12

stating that "EXCO's two-attorney trial team billed at a higher combined rate than did McGee's single-attorney team." (McGee's Brief at 32). In fact, the combined hourly rate for EXCO's two-attorney trial team was only $50.00 greater than McGee's single-attorney team. Additionally, McGee ignores the fact that having two attorneys at trial does not mean that two attorneys performed every task leading up to and preparing for trial. In fact, having an associate attorney involved in this matter allowed much of the case to be worked up by an associate attorney billing at a rate one-half that of Mr. Fowler and one-third that of Mr. Sloan.

### 3. Texas case law supports the reversal of the award of attorney's fees.

### i. Texas Supreme Court precedent cited by EXCO supports the reversal of the award of attorney's fees.

McGee contends that *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545 (Tex. 2009) and *Findlay v. Cave*, 611 S.W.2d 57 (Tex. 1981) support the trial court's award of attorney's fees in this case. (McGee's Brief at 33-35). To the contrary, these cases demonstrate precisely why the award of attorney's fees should be reversed.

EXCO cited *Smith* for two primary reasons. First, *Smith* sets forth that the most critical factor in determining the reasonableness of a fee award is the degree of success obtained. *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d at 548 [quoting *Tex. State Teachers Ass'n v. Garland Ind. Sch. Dist.*, 489 U.S. 782, 793 (1989)].

13

This is crucial because McGee recovered only a small fraction of the amount she sought at trial and an even smaller fraction of the amount she demanded prior to trial. Second, *Smith* is an example of a case in which a fee award, which was 72.98% of the damages recovered, was found to be unreasonable as a matter of law in light of the amount involved and the results obtained. *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d at 548. This provides context for the fee award in this case, which is far more disproportionate, being nearly ten times the amount recovered at trial.

McGee takes issue with the foregoing, arguing that "the *Smith* holding addressed only the fact that the appellate court awarded [attorney's fees] at all." (McGee's Brief at 34). Indeed, the Texas Supreme Court took issue with the appellate court awarding attorney's fees *in that particular case*. *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d at 548-49 ("*On this record*, the Trust is not entitled to its fees as a matter of law.") (emphasis added). However, it was *because the fee was unreasonable in light of the amount involved and the results obtained* that the appellate court could not award fees as a matter of law. *Id.* at 548 ("Because the fee is unreasonable in light of the amount involved and the results obtained, the evidence did no more than raise a fact issue to be decided by the jury.").

McGee also cites *Findlay*, asserting that it "contradicts EXCO's suggestion that attorney's fees should be formulaically limited by a claimant's damages," and

14

"EXCO's suggestion that a demand greatly in excess of [a] litigant's actual recovery precludes the recovery of attorney's fees." (McGee's Brief at 35). McGee again misconstrues EXCO's position on both issues. Regardless, *Findlay* actually evidences the unreasonableness of McGee's attorney's fees. Whereas, *Findlay* involved an award of attorney's fees ($17,250.00) approximately three times the amount of damages awarded ($5,624.23), this matter involved an award of attorney's fees ($39,773.75) nearly ten times the amount of damages awarded ($4,108.25). Similarly, whereas *Findlay* involved a demand ($47,830.29) approximately eight times greater than the amount recovered at trial ($5,624.23) this case involves a demand ($90,000.00) more than twenty times greater than the amount recovered at trial ($4,108.25). Thus, *Findlay* is easily distinguishable from this case given that this case involves a pretrial demand and an award of attorney's fees that are far more disproportionate than the demand and fee award in *Findlay*.

### ii. Attorney's fees awarded by a jury and attorney's fees awarded by a judge are reviewed under the same standard.

McGee next claims that none of EXCO's cited authority involves an award of attorney's fees by a trial court. (McGee's Brief 35-36). However, McGee cites no authority that the trial court acting as fact-finder instead of a jury has any effect on this Court's review of the award of attorney's fees. To the contrary, whether a jury acts as fact-finder with regard to attorney's fees or the trial court does, this

15

Court's review of the award remains the same. See, e.g., *Weaver v. Jamar*, 383 S.W.3d 805 (Tex. App.–Houston [14th Dist.] 2012, no pet.) (Reviewing trial court's award of attorney's fees following a bench trial).

**4.      Examining the proportionate relationship between attorney's fees and damages awarded is consistent with Chapter 38 and this Court's precedent.**

The amount of fees awarded ($39,773.75) to McGee is almost ten times the amount of damages awarded ($4,108.25).  As EXCO noted in its original brief, the ratio of attorney's fees to damages is not necessarily dispositive of whether the fees are reasonable and necessary.  (EXCO's Brief at 24-25).  Thus, "there is no set ratio that is deemed excessive for all cases…." (EXCO's Brief at 25).   Nevertheless, McGee asserts that considering such disproportionality "finds no basis in the law." (McGee's Brief at 38).  Contrary to McGee's assertion, such an approach does indeed have a basis in the law.  In fact, this Court considered the disproportionality of an award of attorney's fees in the *Thomas* case.   In a section titled, "**Disproportionality of Award**," this Court considered the appellant's contention that "the amount of attorney's fees recovered by Appellee, $49,000.00, is grossly disproportionate to the amount of damages recovered, $7,030.00." *Thomas v. Bobby D. Assocs.*, 2008 LEXIS 5881 at *9. This Court further noted that in determining whether the award was excessive, it was entitled to look at the entire record and view the matter in the light of the testimony, the record before it, the

16

amount in controversy, and the justices' own common knowledge and experience as lawyers and judges.  *Id*. at 12–13.  After doing so, this Court concluded that, "the attorney's fees [were] excessive in the amount of $24,000.00.  Thomas's sole issue is sustained to the extent that he complains of the disproportionality of the attorney's fees award in favor of Bobby D. Associates."  *Id.* at 13.

**C.** **Under recent Texas case law, McGee cannot recover attorney's fees against EXCO due to EXCO's status as a limited partnership.**

Under new Texas case law issued after the trial of this case, McGee is not entitled to recovery of attorney's fees.  Texas Civil Practice Remedies Code § 38.001 allows a prevailing party at trial to "recover reasonable attorney's fees from *an individual or corporation.*"  TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2014) (emphasis added).  In a matter of first impression, the Fourteenth Court of Appeals recently recognized that the plain meaning of Section 38.001 prevents a prevailing party in contract litigation from recovering attorney's fees from any form of entity other than a corporation.  *Fleming & Assocs. v. Barton*, 425 S.W.3d 560 (Tex. App.–Houston [14th Dist.]), Feb. 27, 2014, pet. denied May 1, 2015).  In *Fleming*, the Houston Court of Appeals held that a "trial court erred by awarding statutory attorney's fees . . . under section 38.001 because *a limited liability partnership is neither an individual nor a corporation*," and modified the trial court's judgment, which awarded recovery of attorney's fees to the party prevailing at trial from the opponent LLP, "to remove all portions awarding

17

attorney's fees." *Fleming & Assocs. v. Barton*, 425 S.W.3d at 562. In May of this year, the Supreme Court of Texas, over a year after the trial which is the subject of this appeal and approximately four months after the trial judgment was entered, declined review of the holding in *Fleming*.

In reaching its holding in *Fleming*, the court analyzed the plain meaning of "individual," determining a partnership was not defined in the Civil Practice and Remedies Code as such. *Fleming & Assocs. v. Barton*, 425 S.W.3d at 575. The court also put great weight on the legislative history of Section 38.001, pointing out that, when revised, the legislature expressly narrowed the fee recovery statute from allowing recovery from any "*person* or corporation" to any "*individual* or corporation." *Id.* The Court noted that the legislature knew and must have intended to narrow recovery from "persons," which would include partnerships, to "individuals," which does not. *Id.* Given that this decision was issued after the trial of this case and that the Texas Supreme Court denied review just weeks ago, well after judgment had been entered in this case, it is in the interest of public policy that this Court apply the same analysis and modify the judgment at trial to remove all portions awarding recovery of attorney's fees from EXCO, a limited partnership.

## PRAYER

Appellant EXCO Operating Company, LP, respectfully prays that this Court reverse the trial court's judgment as to the award of attorney's fees and render judgment in its favor that McGee recover no attorney's fees due to her excessive demands. Alternatively, EXCO prays that the Court suggest a reduction by remittitur to the amount of attorney's fees awarded and, in the event the remittitur is not timely filed, that the portion of the judgment awarding attorney's fees be severed and reversed and remanded for a new trial.

Respectfully submitted,

WILSON, ROBERTSON & CORNELIUS, P.C.
One American Center
909 ESE Loop 323, Suite 400 [01]
P.O. Box 7339
Tyler, Texas 75711-7339
Telephone: 903/509-5000
Telecopier: 903/509-5091

By: */s/ Matthew T. Milam*
JENNIFER PARKER AINSWORTH
State Bar No. 00784720
E-mail: jainsworth@wilsonlawfirm.com
MATTHEW T. MILAM
State Bar No. 24065746
E-mail: mmilam@wilsonlawfirm.com

**ATTORNEYS FOR APPELLANT
EXCO OPERATING COMPANY, LP**

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that pursuant to Rule 9.5, Texas Rules of Appellate Procedure, that a true and correct copy of the foregoing pleading was served upon the following counsel electronically, through the electronic filing manager, and via certified mail, return receipt requested, on this the 28th day of July, 2015:

John D. Sloan, Jr., E-mail: jsloan@sloanfirm.com
Justin A. Smith, E-mail: jsmith@sloanfirm.com
[Attorneys for Appellee Mary K. McGee]
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606


 */s/ Matthew T. Milam*
MATTHEW T. MILAM

## CERTIFICATE OF COMPLIANCE

I, MATTHEW T. MILAM, attorney for Appellant EXCO Operating Company, LP, hereby certify, pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), that there are   4,483   words in the foregoing Reply Brief.  I am making this certification based upon reliance on the word count of the computer program used to create Appellant's Brief.


_/s/ Matthew T. Milam_
MATTHEW T. MILAM