

# NUMBER 13-17-00230-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOAN PARR,                                                                        Appellant,

v.

HEB GROCERY COMPANY, LP,                                              Appellee.

### On appeal from the 277th District Court
### of Williamson County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Hinojosa
### Memorandum Opinion by Justice Contreras

Appellant Joan Parr appeals the trial court's summary judgement in favor of appellee HEB, Inc. a/k/a HEB Grocery Company, LP (HEB). Parr brought suit against HEB for negligence. By one issue presenting two sub-issues, Parr argues that the trial court erred when it granted summary judgment based on the applicable two-year statute

of limitations.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (West, Westlaw through 2017 1st C.S.).  We affirm.

## I.  BACKGROUND[1]

On or about November 21, 2012, Parr slipped and fell at one of HEB's stores and suffered injuries as a result.  On November 17, 2014—five days before the applicable limitations period expired—Parr filed suit against HEB for negligence; however, Parr did not serve HEB with notice of her lawsuit until October 6, 2016.

On October 21, 2016, HEB filed an answer denying all the allegations and asserting, "by way of affirmative defense, . . . that this suit is barred by the doctrine of laches . . . ."  *See* TEX. R. CIV. P. 94.  On November 3, 2016, HEB filed a motion for summary judgment arguing that Parr's suit was barred by the applicable statute of limitations because it was not brought within two years and was "therefore barred by Laches."  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003.

Parr filed a response to HEB's motion for summary judgment and attached an affidavit from her trial counsel explaining why and how Parr had acted diligently in serving HEB.  On March 20, 2017, the trial court held a hearing on HEB's motion and granted summary judgment based on the statute of limitations.  This appeal followed.

## II.  DISCUSSION

### A.  Standard of Review

We review the trial court's granting of a motion for summary judgment de novo. *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).  "Under Texas

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

Rule of Civil Procedure 166a(c), the party moving for summary judgment bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Id.* at 215–16; *see* TEX. R. CIV. P. 166a(c). A defendant moving for summary judgment on an affirmative defense must prove conclusively the elements of that defense. *Pustejovsky v. Rapid-Am. Corp.*, 35 S.W.3d 643, 646 (Tex. 2000). In our review, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

## B. Applicable Law

"A negligence claim arising from a personal injury must be brought within two years from the date of injury." *Valverde v. Biela's Glass & Aluminum Prods.*, 293 S.W.3d 751, 753 (Tex. App.—San Antonio 2009, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a)). If a plaintiff files her petition within the two years, service outside the two-year period may still be valid if the plaintiff exercises diligence in procuring service on the defendant. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009); *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam).

When a defendant has affirmatively pleaded the defense of the statute of limitations and shown that service was not timely, the burden shifts to the plaintiff to prove diligence. *Ashley*, 293 S.W.3d at 179; *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (per curiam). Diligence is determined by asking "whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Proulx*, 235 S.W.3d at 216. Generally, the question of the plaintiff's diligence in effecting service is one of fact, and is

determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service. *Id.*

Although ordinarily a fact question, a plaintiff's explanation may demonstrate a lack of diligence as a matter of law "when one or more lapses between service efforts are unexplained or patently unreasonable." *Id.*; *see, e.g.*, *Ashley*, 293 S.W.3d at 180–81 (holding that unexplained eight-month gap demonstrated lack of diligence as a matter of law); *Gant*, 786 S.W.2d at 260 (holding that unexplained delay of three periods totaling 38 months in obtaining service demonstrated lack of diligence as a matter of law). Thus, the plaintiff has the burden to "present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Proulx*, 235 S.W.3d at 216.

## C. Analysis

We construe Parr's single issue on appeal as presenting two sub-issues: (1) whether the trial court erred in finding that Parr's service on HEB lacked diligence as a matter of law; and (2) whether the trial court erred in granting summary judgment based on the statute of limitations when HEB only pleaded laches in its answer.

By her first sub-issue, Parr argues that a lack of diligence was not established as a matter of law as needed to support summary judgment based on the statute of limitations. Here, Parr filed suit five days before the two-year limitations period expired, but HEB was not served until well after that period expired. Thus, for Parr to show that she was diligent in serving HEB on October 16, 2016, she must explain and account for the entire period between November 22, 2014 and the notice to HEB almost twenty-two months later. *See Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 216; *see also*

4

*$24,156.00 in U.S. Currency v. State*, 247 S.W.3d 739, 744 (Tex. App.—Texarkana 2008, no pet.) ("The duty to exercise diligence is a continuous one, extending until service is perfected.").

Parr attached to her response to HEB's motion for summary judgment an affidavit from her trial counsel explaining the reasons for the twenty-two month delay. The affidavit stated that trial counsel: "prepared and filed a complaint on November 17, 2014" and told Parr that "she would have to find another lawyer to take the case and time was of the essence"; became very ill at some unspecified time during 2015 "with unexplained fatigue, night sweats, dizzy spells and confusion and was having difficulty keeping up with [his] case load"; suffered a pulmonary embolism in November of 2015 which kept him out of commission through January 2016; was diagnosed with lymphoma in February of 2016 and as a result transferred almost all his cases, though he kept Parr's; and went through the files he had kept in October of 2016 and "realized Ms. Parr's lawsuit had not been served [and] immediately sent it out for service at that time."

Here, Parr's trial counsel's affidavit does not provide any explanation as to why service was not pursued between November 22, 2014 and December 31, 2014. Also, trial counsel's statement that he became ill at some unspecified time in 2015 with "unexplained fatigue, night sweats, dizzy spells and confusion" does not explain why there was never any attempt to serve HEB during almost all of 2015. Finally, by trial counsel's own affidavit, he did not transfer almost "all" of his other cases as a result of medical issues until February 2016. Even indulging every reasonable inference in Parr's favor, *Nixon*, 690 S.W.2d at 548–49, Parr's trial counsel fails to explain any diligence exercised between January of 2015 and at least November of 2015 when counsel suffered a

5

pulmonary embolism. None of this supports Parr's contention that she acted as an ordinarily prudent person would have acted under the same or similar circumstances. *See Proulx*, 235 S.W.3d at 216.

After considering the facts—i.e., no attempts at all made for almost twenty-two months with the inaction in only some of those months accounted for—we conclude that Parr was not diligent as a matter of law in serving HEB with notice of her lawsuit. *See Ashley*, 293 S.W.3d at 180–81; *Proulx*, 235 S.W.3d at 216; *Gant*, 786 S.W.2d at 260.

We overrule Parr's first sub-issue as to the trial court's granting of summary judgment based on the statute of limitations.

By her second sub-issue, Parr argues that the trial court erred because HEB only affirmatively pleaded laches in its answer to her suit, and the trial court granted summary judgment based on the statute of limitations.[2] The statute of limitations and laches are two distinct affirmative defenses available to a defendant. *See* TEX. R. CIV. P. 94; *see also, e.g.*, *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988) (discussing statute of limitations); *Wayne v. A.V.A. Vending, Inc.*, 52 S.W.3d 412, 415 (Tex. App.— Corpus Christi 2001, pet. denied) (discussing laches). And, if a defendant wants to rely on an affirmative defense, it must specifically raise the defense in its pretrial pleadings. *MAN Engines & Components, Inc. v. Shows*, 434 S.W.3d 132, 137 (Tex. 2014); *see* TEX. R. CIV. P. 94.

However, Parr did not raise this argument in the trial court, object on this basis at any point, or file a motion for a new trial raising this issue. Therefore, this complaint has

---

[2] Although HEB only pleaded laches in its answer, HEB's motion for summary judgment, Parr's response, and the arguments of both parties at the hearing were based only on the applicability of the statute of limitations.

6

not been preserved for our review, and any error has been waived. *See* Tex. R. App. P. 33.1(a); *D.R. Horton-Tex., Ltd. V. Markel Int'l Ins.*, 300 S.W.3d 740, 743 (Tex. 2009) ("In summary judgment practice, '[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.'") (quoting Tex. R. Civ. P. 166a(c)).

We overrule Parr's second and final sub-issue as to the trial court's granting of summary judgment based on the statute of limitations.

### III. Conclusion

We affirm the trial court's judgment.

DORI CONTRERAS<br>
Justice

Delivered and filed the
15th day of March, 2018.

7