**Opal C. FINDLAY, Appellant,**

v.

**Tom CAVE, Appellee.**

**No. 18226.**

Court of Civil Appeals of Texas, Fort Worth.

March 20, 1980.

Rehearing Denied April 17, 1980.

---

Chancellor & Wood, and William A. Forteith and Richard F. Martin, Dallas, for appellant.

Evans J. Karpenko, Bedford, for appellee.

## OPINION

MASSEY, Chief Justice.

Opal C. Findlay, defendant in the judgment, has brought a limited appeal. Following judgment upon a jury verdict which found defendant liable for a part of the amount for which Tom Cave had sued her as attorney's fees she found satisfaction in the amount adjudged liable to him therefor. However she was not pleased with that part of the judgment upon the verdict which decreed her liability for additional attorney's fees for the prosecution of Cave's action against her, i. e. to pay attorney Evans Karpenko. It is from this part of the judgment that the appeal is brought.

We affirm.

Within 15 days after date defendant's motion for "partial retrial" was overruled she served notice of "limitation of appeal", and within 15 days thereafter she perfected her appeal.

The defendant's request for preparation of the Statement of Facts and Designation of Matters to be Included and Omitted were timely filed. Recited therein is the following:

"Since the appeal of Appellant (defendant) is limited pursuant to the Notice of Limitation of Appeal filed on May 15, 1979 with the District Clerk of Tarrant County, Texas, only the following testimony is to be considered in the Statement of Facts:

"1. The testimony of Evans J. Karpenko. (Also attach Plaintiff's Exhibit No. 78.)

"2. The testimony of Jack E. Brady.

"3. The testimony of John G. Street, Jr.

"Appellant designates that no other matters be included in the Statement of Facts since this appeal involves only the issue of attorney's fees awarded to Plaintiff Tom Cave for representation of the Plaintiff (Cave) during this cause of action.

"Appellant designates that the following be *omitted* from the Statement of Facts:

"1. The testimony of Opal C. Findlay.

"2. The deposition of Opal C. Findlay read into evidence.

"3. The deposition of Henry Kerry read into evidence.

"4. The deposition testimony of Harold Prader read into evidence.

"5. The testimony of Tom Cave.

"6. The testimony of John Nichols.

"7. The resumption of the testimony of Tom Cave.

"8. The testimony of Odell McBrayer.

"9. The testimony of Robert C. Findlay.

"10. The testimony of Harold Prader.

"11. The testimony of Opal C. Findlay.

"12. The deposition testimony of Tom Cave read into evidence."

There was no request by plaintiff, Cave, that anything in addition to that requested by defendant be included. The record reached this court in the condition requested by defendant.

We have searched the defendant's brief for a representation to our court that in none of the evidence directed to be omitted was there anything which could have had any bearing upon necessity for the plaintiff's having obtained the services of attorney Karpenko to bring and prosecute his suit; nor is there representation that in none of such evidence was there anything which bore upon the reasonableness of the amounts the jury found to be the value of Karpenko's services.

Because of this we deem there to have been matter in the omitted evidence which would support the jury findings made at least as applied to amounts. The necessity is really not a question for Cave was entitled to hire a lawyer and he did employ Mr. Karpenko.

The jury findings relative to Karpenko's services were: (1) $12,750.00 was the reasonable attorney's fee for the necessary legal services provided in representation of Cave through completion of trial in District Court; (2) plus $3,000.00 additional in the event appeal therefrom be taken to the Court of Civil Appeals; (3) and plus $1,500.00 in the event an application for writ of error be made to the Supreme Court from the decision of the Court of Civil Appeals.

For purposes of discussion to follow we shall deem the Statement of Facts to have contained all the evidence necessary to pass upon the defendant's points and disregard the presumption of support for the judgment by the other evidence. Our holding on that premise is that the jury's findings find adequate support by evidence and were not excessive. In relation thereto it is to be observed that the number of hours worked by Karpenko, multiplied by the usual and customary charge therefor in the vicinity where performed, are conceded to have supported the amounts found by the jury if based upon reasonable charges for Karpenko's time. The issues are therefore narrowed to the question of the necessity for Karpenko's time expenditure in the rendition of necessary services, with the assumption that such services as were performed were necessary. To the extent allowed by the jury (somewhat less than the Karpenko charge) there would be no question of propriety of amounts found by the verdict unless it be improper for the jury to consider and use the value of Karpenko's time as basis for the answers.

The attorney's fee allowed for Karpenko's services was greater than attorney's fee allowed for Cave. The defendant makes much of this and of the fact that plaintiff Cave, though having declared by his suit the defendant's obligation to pay him $57,830.29 reduced by way of amount paid thereon to balance of $47,830.29, had been unable to recover only the balance amount of $5,624.23. Following return of its answer "No" to the issue inquiring whether the plaintiff's contract with defendant for his services in the divorce case was fair and reasonable, the jury proceeded to return its answer granting Cave attorney's fees upon a theory of *quantum meruit*. It found the reasonable value of the Cave services in the divorce case to be only $15,624.23 (and that by credit of the amount theretofore paid such plaintiff should only recover from defendant the amount of $5,624.23). This meant that Cave recovered only about one-fourth of what he sought.

Of course, the degree of success attained by attorney, Karpenko, in obtaining from defendant Findlay recovery in restitution to his client Cave, would be a factor to be taken into consideration by the jury. In connection with the duty to answer the special issues important to this appeal, the court instructed the jury merely that "a person having a verbal claim against another for services rendered, may, if represented by an attorney, recover in addition to his claim and costs, a reasonable attorney's fee." However, in connection with the special issue inquiring about Cave's claim against the defendant for his attorney's fee, for representing Mrs. Findlay in the divorce suit, the jury was given this instruction:

"You are further instructed that in determining the reasonable value of legal services you may properly consider, among other factors, the following:

"The experience and capability of the attorney; his professional reputation, character and standing among his fellow lawyers in the community; the difficulty, if any, which he encountered in determining the rights and interests of his client and in enforcing such rights and interests; the time and labor involved; the nature and complexities of the case; the amount of money or the value of the property or interests involved and the extent of the responsibilities assumed by the attorney; whether other employment is lost by the attorney because of the undertaking; *the benefits resulting to the client from such services* ; the contingency or certainty of compensation, and whether the employment is casual or for an established or constant client." (Emphasis supplied).

If there were any objections and exceptions taken to the court's charge to the jury they have not been brought forward for purposes of the appeal. We deem existent the absence of any complaint.

If the jury needed any instruction concerning that which it might consider in arriving at answers on the Karpenko attorney's fees we think it undoubted that such was to be found in the instruction given in connection with the issue on plaintiff Cave's attorney's fee entitlement. The instruction was proper and, under the circumstances, if there was reference to it to be deemed to have left the jury properly informed upon what it might consider in answering the Karpenko issues.

On oral presentation we were informed, without challenge, that at no time was there any offer or tender of any amount other than or in addition to the $10,000.00 which defendant had already paid to plaintiff, Cave. The result was that defendant must be deemed to have at all times adopted the position that she owed plaintiff nothing (in addition to that she had already paid). In other words, if plaintiff won anything at all by the verdict of the jury it was an amount for which defendant had denied any liability. The situation must be viewed as though the case was at all times a suit in *quantum meruit* on the part of plaintiff Cave. The jury verdict (limited in relation to demand) afforded Cave that to which he was entitled and which he could have recovered in no way other than by proceeding to trial and prosecuting the same to successful conclusion.

There are instances where primarily on moral principles, though accompanied by legal right, there is necessity to expend a very great deal of time and incur considerable expense in the attainment of what one considers to be justice. A common instance where this is done is where a plaintiff deems himself to have been cheated, or attempted to be, by one who owes money or property which he refuses to deliver. We must assume that if all the evidence was before us that was before the jury in the trial court that we would find therein justification for a conclusion by the jury that the situation presented was of that character.

In such a case the jury, though taking into consideration the fact that there was considerably less entitlement by the plaintiff than he presented as a demand he was, nevertheless, entitled to be paid. The jury, in the exercise of its discretion, was entitled to accord minor importance to the amount

permitted to be recovered and at the same time to accord great importance to the difficulty encountered in enforcing the right of collection. On that entitlement and right the jury could measure the compensation for plaintiff's attorney in the enforcement of plaintiff's right by the difficulty and time necessary to be expended rather than by the profit realized. The jury is entitled to deem the actual amount to have little or nothing to do with the amount of professional skill, time, and trouble required in attaining recovery, if, in fact, there was entitlement to a verdict for any amount. On this we find ourselves unable to improve upon the expressions upon the law involved as stated in *Magids v. Dorman,* 430 S.W.2d 910 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref. n. r. e.). There, as here, the authority for recovery was provided by Tex. Rev.Civ.Stat.Ann. art. 2226, "Attorney's fees".

We take occasion to mention that nowhere in the record brought forward on the appeal is there testimony of anyone that there was not occasion or necessity for the time and trouble to which Mr. Karpenko had gone in his preparation for and trial of the case. There was evidence that it was necessary.

There was admitted into evidence a certain exhibit, Plaintiff's Exhibit No. 78, which was testified to have been a typewritten list of time and services of Karpenko in this case in preparation for trial, with transposition thereto made from memorandum pages made at or near the time of the events to which there was relation by Karpenko himself. The memoranda was shown to have been made and kept by Karpenko in the usual course of his business and the evidence thereon sufficed to qualify these as competent written evidence. Tex.Rev. Civ.Stat.Ann. art. 3737e, "Memorandum or record of act, event or condition; . . . ." The exhibit was not introduced alone; the memorandums were in evidence as well, though not brought forward with the record. There was no error in the admission of Exhibit No. 78 under the circumstances.

All points of error presented have been considered and they are severally overruled.

Judgment is affirmed.