Opal C. FINDLAY, Petitioner,

v.

Tom CAVE, Respondent.

No. B–9446.

Supreme Court of Texas.

Jan. 7, 1981.

Rehearing Denied Feb. 25, 1981.

Chancellor & Wood, William A. Forteith and Richard Martin, Dallas, for petitioner.

Evans J. Karpenko, Bedford, Kronzer, Abraham & Watkins, W. James Kronzer, Houston, for respondent.

GREENHILL, Chief Justice.

The question before us in this cause concerns attorney's fees under Texas Revised Civil Statutes article 2226. The trial court rendered judgment on a jury verdict for respondent Cave and awarded him attorney's fees necessary in prosecuting that action. The court of civil appeals upheld the reasonableness of the attorney's fee award. 597 S.W.2d 37. The question presented to this Court is whether the original demand for payment upon petitioner Findlay was excessive as a matter of law, thus discharging any liability for fees expended in litigation thereafter. We hold that it was not.

Opal Findlay retained Cave to represent her in a divorce proceeding and certain other matters. She requested that his fee be taken out of any property received in the divorce settlement. The parties entered into a written employment contract, in which it was agreed that Cave would be paid ten percent of the first $50,000.00 of property value awarded to his client, and five percent of the remainder. The value received by Opal Findlay was $1,106,606.00.

Upon completion of the divorce action, Cave calculated that the amount due him under the above terms of the employment contract was $57,830.29. Mrs. Findlay paid $10,000.00, but refused to pay more. Cave then engaged his own attorney and brought suit on the contract and in quantum meruit for the $47,830.29 balance, plus attorney's fees in collecting the same. The jury found that (1) in entering the contract of employment, Cave made reasonable use of the

confidence placed in him; but (2) the employment contract was not fair and reasonable. The jury awarded Cave $5,624.23 (in addition to the $10,000.00 already received) in quantum meruit for his services. Additionally, Cave was awarded attorney's fees necessary in prosecuting the action—$12,750.00 at trial, $3,000.00 in the court of civil appeals, and $1,500.00 in this Court. Mrs. Findlay has appealed asserting that the award of attorney's fees to Cave's attorney was error. The amount of the attorney's fees for Cave's attorney is not here in issue. The question is whether any such attorney's fees are allowable.

■ A creditor who makes an excessive demand upon a debtor is not entitled to attorney's fees for subsequent litigation required to recover the debt. *Collingsworth v. King,* 155 Tex. 93, 283 S.W.2d 30 (1955); *Ingham v. Harrison,* 148 Tex. 380, 224 S.W.2d 1019 (1949); *Warrior Constructors, Inc. v. Small Business Investment Co. of Houston,* 536 S.W.2d 382 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ). In *Warrior,* as relevant here, the partial guarantor had guaranteed $25,000.00 of a $35,000.00 debt. The creditor demanded $35,000.00 of the partial guarantor, and was not willing to accept the $25,000.00 which was the total unpaid balance owed by the guarantor. In *Collingsworth,* the debtor would have paid the correct sum due but the creditor's agent demanded an extra 10% as collection costs; and in *Ingham,* the creditor refused to allow the debtor credits for certain payments and claimed additional amounts for extras to which the creditor was not entitled. In each of the cases, the creditor brought suit for more than the liquidated sum actually due on the instruments involved. Further, the creditors either refused a tender of the liquidated amount actually due, or indicated clearly to the debtors that such a tender would be refused, and thus would be futile.

The facts of the present cause are distinguishable. Mrs. Findlay has refused throughout to tender anything more than the $10,000.00 already paid, and there has been no claim that Cave would have refused tender of the $5,624.23 the jury found owing to him. *Cf. Duval County Ranch Co. v. Alamo Lumber Co.,* 597 S.W.2d 528, 531 (Tex.Civ.App.—Beaumont 1980, writ ref'd n. r. e.). More importantly, the amount claimed by Cave was precisely the amount due according to the terms of the employment contract, even though the jury later found that contract to be unreasonable.

■ Finally, in the alternative to the contract action, Cave sought recovery in quantum meruit. Any amount claimed under that theory would be unliquidated, in contrast to the liquidated sums in the cited cases. Certainly one can conceive of circumstances in which a demand for an unliquidated sum would have to be characterized as excessive, and attorney's fees denied. However, the arguments on behalf of Mrs. Findlay have approached defining "excessive demand" as any claim for an amount appreciably greater than that which a jury later determines is actually due. This may indeed be some evidence of an excessive demand. In fact, where the sum due is liquidated, it may be very persuasive evidence. But it cannot be the only criterion for determination, especially where the amount due is unliquidated.

■ In the present case, the jury found the contract unreasonable, and awarded Cave less than his claim. However, his demand was based precisely on the written contract between the parties, and Mrs. Findlay made no attempt to tender the full amount found by the jury to be due. In these circumstances, we do not find a sufficient level of unreasonableness or bad faith to warrant finding excessive demand as a matter of law. The judgment of the court of civil appeals is affirmed.