Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## MEMORANDUM OPINION

No. 04-11-00257-CV

**AML MOTORS, INC**.,
Appellant

v.

Da'mon **THOMAS**,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 347193
Honorable Walden Shelton, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Karen Angelini, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  April 18, 2012

AFFIRMED

AML Motors, Inc. appeals a judgment rendered in favor of Da'mon Thomas on his claim

for breach of contract.  We affirm the judgment of the trial court.

### BACKGROUND

On June 24, 2006, Thomas purchased a car from AML. Pursuant to the Retail Buyer's

Order signed by the parties, Thomas additionally purchased extended service for $500.   The

Retail Buyer's Order listed the car's mileage as 177,302 miles.

To purchase the extended service, Thomas signed an application provided by AML for a Liberty Service Contract. The application, which was filled out by AML salesman Gary Klasing, incorrectly listed the car's mileage as 174,302 miles. The Liberty Service Contract terms stated the application would not provide extended service or warranty coverage until received and marked accepted by Eagle Warranty Corporation ("Eagle"). The terms further stated that any vehicle with more than 175,000 miles was not eligible to be covered under the Liberty Service Contract.

On or about July 15, 2006, the engine of the car Thomas purchased from AML broke down and ultimately seized. On July 20, 2006, Eagle accepted Thomas's application for warranty coverage. Thomas submitted a claim for warranty coverage to Eagle and it was denied. Thomas then sued AML for breach of contract, fraud, and rescission, asserting Thomas paid AML for extended service or warranty coverage on a car that was ineligible for such coverage.[1] Thomas moved for summary judgment on his breach of contract claim, and AML filed a counter-motion as to all of Thomas's claims. The trial court granted Thomas's motion and denied AML's motion.

AML appealed, arguing the trial court erred in granting Thomas's motion for summary judgment because the evidence established Eagle approved the warranty coverage for Thomas's car, therefore negating the breach and damages elements of Thomas's claims. *See AML Motors, Inc. v. Thomas*, No. 04-09-00730-CV, 2010 WL 3782191, at *2 (Tex. App.—San Antonio Sept. 29, 2010, no pet.) (mem. op.). We disagreed and held that fact issues remained as to whether AML breached the Retail Buyer's Order by failing to provide the extended service coverage it sold to Thomas. *Id.* We additionally held that a fact issue existed as to the exact mileage of the

---

[1] Thomas also sued Eagle, but nonsuited Eagle upon discovering that the purchased vehicle was ineligible for coverage under the Liberty Service Contract based on the vehicle's actual mileage of 177,302.

car, and therefore Thomas failed to conclusively establish that the car was ineligible for warranty coverage. *Id.* Thus, we reversed the trial court's order granting summary judgment and remanded the cause to the trial court for further proceedings. *Id*. at *3.

Thereafter, a bench trial was held. Evidence was admitted establishing that the vehicle had 177,302 miles on it at the time of purchase and that the Liberty Service Contract excluded coverage of vehicles with more than 175,000 miles. Gary Klasing testified via deposition that he made a mistake when he listed the vehicle's mileage at a lower amount on the extended service application, and that any vehicle with more than 175,000 miles was excluded from coverage under the Liberty Service Contract; thus the vehicle Thomas purchased was not eligible for coverage. Klasing stated, "Do I think [Thomas] should get a refund because I made a typo for the warranty, yeah, probably." The trial court found that AML sold Thomas an extended service contract for an ineligible vehicle. Accordingly, the trial court awarded Thomas $500 in damages for breach of contract and $5,672 in attorney's fees. AML timely appealed.

AML challenges the trial court's judgment by way of the following two issues: (1) there is no evidence or insufficient evidence that Eagle failed to provide warranty coverage to Thomas on the basis that the vehicle mileage exceeded 175,000 at the time of purchase; and (2) Thomas is not entitled to attorney's fees because his excessive demand did not comply with section 38.002 of the Texas Civil Practice and Remedies Code.

### *Standard of Review — Sufficiency of the Evidence*

When the trial court has made findings of fact and a reporter's record has been filed, we review the findings for legal and factual sufficiency of the evidence using the same standards we apply to jury findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Darocy v. Abildtrup*, 345 S.W.3d 129, 136 (Tex. App.—Dallas 2011, no pet.). In addressing a legal

sufficiency challenge, we ask "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In making this determination, we credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. *Id.* In reviewing factual sufficiency points, we look at all the evidence in the record, and will sustain the point only if the evidence supporting the trial court's finding is so weak or so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). In conducting our review of both the legal and factual sufficiency of the evidence, we are mindful that the trial court was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *City of Keller*, 168 S.W.3d at 819. We may not substitute our judgment for the fact finder's, even if the evidence would clearly support a different result. *Id*. at 822; *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex.), *cert. denied,* 525 U.S. 1017 (1998).

### *Sufficiency of the Evidence to Support the Trial Court's Findings of Fact and Conclusions of Law*

AML first argues that the trial court erred in making the following findings of fact:

21. Defendant did not provide an Extended Service Contract to Plaintiff that would provide coverage to the vehicle identified in Finding of Fact 2[.]

24. [I]n July of 2006 Eagle Warranty Corporation did not recognize Plaintiff as having a "Liberty Service Contract" and refused to provide coverage to Plaintiff's vehicle.

AML contends that Eagle accepted Thomas's contract on July 20, 2006, approximately five days after the engine in Thomas's car seized. AML argues there is no evidence that Thomas did not receive a warranty or that Eagle failed to honor the warranty for any reason other than the fact

that the damage to the vehicle occurred prior to the effective date of the warranty. Thus, AML maintains Eagle did not deny coverage of Thomas's claim based on the mileage of the vehicle.

Regardless of the reason the claim was denied, the evidence is both legally and factually sufficient to support the trial court's findings that (1) AML did not provide an extended service contract to Thomas that would provide coverage to the vehicle purchased by Thomas; and (2) in July 2006, Eagle did not recognize Thomas as having a "Liberty Service Contract" and refused to provide coverage to Thomas's vehicle. The undisputed evidence is that the vehicle had 177,302 miles on it at the time of purchase by Thomas. The Application for Texas Certificate of Title prepared by Klasing indicates that the vehicle's odometer read 177,302 miles as of July 14, 2006. Further, the title paperwork in connection with the conveyance of the vehicle from the prior owner to AML on April 8, 2006 indicates that the vehicle's mileage was 177,302. In addition, the Retail Buyer's Order prepared by Klasing indicates that the vehicle had 177,302 miles on it on the date of sale to Thomas. The evidence is likewise undisputed that a vehicle with more than 175,000 miles is not eligible to be covered under the Liberty Service Contract. The Terms and Conditions of the Liberty Service Contract explicitly state that vehicles with more than 175,000 miles are ineligible for coverage. Klasing affirmed that a vehicle with more than 175,000 miles would not have been eligible for an extended service contract with Eagle. Based on this record, we conclude the evidence is sufficient to support the challenged fact findings.

AML also argues the trial court erred in concluding that:

4. Defendant breached its agreement with Plaintiff to sell an Extended Service Contract to Plaintiff because the Extended Service Contract that Defendant sold to Plaintiff did not provide coverage to Plaintiff's vehicle[.]

A trial court's conclusions of law are reviewed de novo. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Although an appellant may not challenge a trial court's conclusions of law for factual sufficiency, we review de novo the trial court's legal conclusions drawn from the facts to determine whether the conclusions are correct. *Id.*

To support the challenged conclusion, there must be evidence to support the elements of Thomas's breach of contract claim. The elements of a breach of contract claim are: (1) the existence of a valid contract between the plaintiff and defendant; (2) the plaintiff's performance or tender of performance; (3) the defendant's breach of the contract; and (4) the plaintiff's damage as a result of that breach. *Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 299 (Tex. App.— Dallas 2009, no pet.).

We conclude the evidence is sufficient to support the elements of Thomas's breach of contract claim. The evidence is undisputed that Thomas paid AML $500 to purchase the extended service contract. As to the breach, the evidence shows that the vehicle had 177,302 miles on it on the date of purchase and that Eagle did not warrant vehicles with more than 175,000 miles. Klasing also testified that Thomas's vehicle would not have been eligible for an Liberty Service Contract with a mileage of 177,302. Finally, Thomas testified that he paid $500 for the extended warranty service and that he would not have purchased the service contract had he realized that his vehicle was not covered. Given this evidence, the trial court did not err in concluding that AML breached its agreement to sell Thomas an extended service contract. AML's first issue is overruled.

### Excessive Demand

AML next argues that Thomas is not entitled to attorney's fees under chapter 38 because he made an excessive demand when he sought $9,259 in damages from AML and Eagle on

February 20, 2009. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.002 (West 2008); *see also Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981) ("A creditor who makes an excessive demand upon a debtor is not entitled to attorney's fees for subsequent litigation required to recover the debt."). AML contends this demand was excessive because Thomas's counsel testified at trial that Thomas was merely seeking to recover $500, the cost of the extended service contract.

We disagree that the written demand for $9,259 by Thomas's counsel was excessive. The trial court found that the demand was "reasonable given the information available to Plaintiff at that time. This demand was not made in bad faith." This finding is supported by the testimony of Thomas's counsel, who testified that the demand for $9,259 derived from a vehicle repair invoice (cost to replace engine); however, once Thomas discovered that his vehicle was exempt from coverage due to the policy's mileage limitation, he nonsuited Eagle and sought to recover damages from AML for breach of contract. The trial court was thus free to conclude that the February 20, 2009 demand was made on the assumption that there was coverage for the vehicle because Thomas had not yet discovered that the vehicle's mileage made it ineligible for coverage under the terms of the Liberty Service Contract. Because there is evidence to support the trial court's finding that the demand was reasonable and not made in bad faith, we cannot conclude the demand was excessive as a matter of law.

Additionally, the evidence is sufficient to support the trial court's conclusion that, "Proper demand was made on Defendant in accordance with Section 38.002 of the Texas Civil Practice and Remedies Code." In order to recover attorney's fees under chapter 38, the claimant must plead and prove that he presented his claim to the opposing party and that the amount owed was not tendered within thirty days of presentment. TEX. CIV. PRAC. & REM. CODE ANN. § 38.002. Here, the trial court found that subsequent to July 2006, Thomas made an oral demand

to AML to either fix his car or return the $500 he paid to purchase the service contract; AML failed to respond and/or satisfy either demand within thirty days. On May 7, 2008, Thomas made a written demand to AML to deliver a check to reimburse him for the $500 he paid to purchase the service contract; AML failed to respond and/or satisfy the demand within thirty days. AML does not challenge these findings on appeal. Based on these unchallenged findings alone, we conclude that the trial court's conclusion that proper demand was made on AML is supported by sufficient evidence and that the award of attorney's fees was proper. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986) (holding unchallenged finding of fact is binding on appellate court unless contrary finding is established as a matter of law or no evidence supports the finding). Accordingly, we overrule AML's second issue on appeal.

## CONCLUSION

The judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice