**Opinion issued August 30, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00133-CV

_____

**UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant/Cross-Appellee**

**V.**

**JOSEPH HAYES, JR. AND JOANNE HAYES,**
**Appellees/Cross-Appellants**

---

**On Appeal from the 165th Judicial District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-63319**

---

## CONCURRING AND DISSENTING OPINION

I join the majority's opinion except with respect to its analysis of the Hayeses'

first and second cross-points, in which the Hayeses contend that the trial court erred

in disregarding the jury's answer to the attorney's fees question and awarding $0 in attorney's fees based on the trial court's finding of excessive demand. The majority concludes that the trial court erred by disregarding the jury's $237,000 award of attorney's fees because USAA did not conclusively establish excessive demand. But its premise is false: USAA was not required to establish excessive demand conclusively. Both parties stated on the record that the excessive demand issue would be submitted to the trial court post-verdict, and not to the jury. The trial court—acting as a fact-finder on this issue—considered the evidence of excessive demand and found in favor of USAA on the issue, and some evidence supports its finding. Accordingly, I would overrule the Hayeses' first and second cross-points and affirm the trial court's judgment in its entirety. Because the majority does otherwise, I respectfully dissent.

## Excessive Demand

When a creditor makes an excessive demand upon a debtor and will not accept a lesser amount, the creditor is not entitled to attorney's fees expended in subsequent litigation required to recover the debt, even if it prevails in its suit. *Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981). A demand is not excessive simply because it is greater than the amount eventually awarded by the fact finder; however, "a claim for an amount appreciably greater than that which a jury later determines is actually due . . . may indeed be some evidence of an excessive demand." *Id.*

"The dispositive question in determining whether a demand is excessive is whether the claimant acted unreasonably or in bad faith." *Oyster Creek Fin. Corp. v. Richwood Invs. II, Inc.*, 176 S.W.3d 307, 318 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). Further, application of the excessive-demand doctrine is limited to situations in which a creditor has refused a tender of the amount "actually due" or has clearly indicated to the debtor that such a tender would be refused. *Findlay*, 611 S.W.2d at 58; *Hernandez v. Lautensack*, 201 S.W.3d 771, 777–78 (Tex. App.—Fort Worth 2006, pet. denied).

The record reflects that USAA sought to rely on the Hayeses October 1, 2009 "NOTICE LETTER" to support its excessive-demand defense. The record also reflects that the Hayeses consistently argued against the admission of the October 1, 2009 letter into evidence. For example, the Hayeses' Trial Brief on Excessive Demand asserts that, by seeking to admit the letter, USAA was "simply attempting to bias the jury by putting prohibited evidence before it." Likewise, the Hayeses contended in their Trial Brief that there was "no basis in law or fact to submit" USAA's proposed jury question regarding excessive demand, which asked whether the demand for $621,668.10, including $248,667.24 in expenses and attorney's fees, was excessive as of October 1, 2009. According to the Hayeses' Trial Brief, "the jury should determine the amount of Plaintiffs' damages, and the [trial court] should then determine" whether the amount found by the jury is the same as, substantially

3

the same as, or more than USAA's settlement offer, as set forth in Texas Insurance Code section 541.159.[1]

This theme continued during the trial. When the Hayeses sought to exclude a witness's testimony regarding the reasonableness or excessiveness of their attorney's fees, the Hayeses objected that the questioning would lead the witness into discussion of the excessive-demand issue. Importantly, this exchange ended with USAA's counsel telling the trial court that the excessive-demand issue was "for the Court" and with the Hayeses' counsel agreeing that it was "a decision for the Court after the jury comes back with the verdict."[2]

---

[1] The Hayeses argued in their Trial Brief that the common-law excessive-demand doctrine is inapplicable because 1) their damages were unliquidated and 2) the Insurance Code provides the exclusive remedy for the complaint of excessive demand. *See* TEX. INS. CODE § 541.159 (describing circumstances in which claimant's rejection of settlement offer may operate to cap recovery). The limit on recovery after settlement offer imposed by section 541.159 is distinct from a common-law excessive-demand defense, and the Hayeses provided no authority supporting their claim that the one forecloses the other.

[2] The full exchange was as follows:

Hayeses' lawyer: Where he's going is right into excessive demand.

USAA's lawyer: I'm not going to talk about it. That's a matter of law **for the Court**. I'm not going to discuss with this witness anything on excessive demand. I'm just going to talk about the reasonableness and the necessity of [your firm's] fee—

Hayeses' lawyer: He is saying that they're not reasonable past [October 1, 2009, the date of the NOTICE LETTER.] That's exactly what excessive demand is. So he is going to say because they are excessive, they're not reasonable or necessary, and therefore I am talking about excessive demand, but I'm not really talking—not

4

After the trial court resolved the issue adversely to them, the Hayeses reversed course. Although they initially told the trial court that excessive demand was "a decision for the Court after the jury comes back with the verdict," they argued in post-judgment motions, as they do on appeal, that the trial court lacked authority to act as a fact-finder on this issue, and that USAA waived its excessive-demand defense by failing to request a jury finding. Consistent with their assertion that USAA never submitted the excessive-demand issue to *any* fact-finder, the Hayeses argue that the trial court's finding of excessive demand can be upheld only if USAA proved excessive demand *conclusively*.

The Hayeses correctly point out that a party waives an affirmative defense if it does not request a jury question on a defense and the evidence does not conclusively establish it. *See XCO Prod. Co. v. Jamison*, 194 S.W.3d 622, 632 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("The failure to request a jury instruction on an affirmative defense results in waiver of that ground by the party relying on it unless the issue was conclusively established."). However, this general rule should not apply here, because the Hayeses orally agreed that the question of excessive demand was "a decision for the Court after the jury comes back with the

---

saying the words "excessive demand." That's **a decision for the Court after the jury comes back with the verdict.**

(Emphasis added.)

5

verdict." *See Berry v. Segall*, 315 S.W.3d 141, 144 (Tex. App.—El Paso 2010, no pet.) (party who agreed that trial court should decide an issue waived complaint that issue should have been submitted to jury); *see also Sentinel Integrity Sols., Inc. v. Mistras Grp., Inc.*, 414 S.W.3d 911, 919–20 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (under invited error doctrine, party cannot complain on appeal about action by trial court that party requested).

Here, the trial court acted as a fact-finder on the excessive-demand issue. This is made clear in its judgment, which states it reduced "the [jury's] award of attorney's fees to $0, reflecting **the Court's finding** of excessive demand by the [Hayeses]." Accordingly, the majority errs in concluding that the trial court's reduction of the jury's attorney's fee award can only be affirmed if the record contains conclusive evidence of excessive demand.

Although the parties do not frame the issue in this manner, the question the majority should have answered is whether legally and factually sufficient evidence supports the trial court's finding of excessive demand. The answer to this question is an easy "yes." The October 1, 2009 letter sought over $300,000 in economic damages, $50,000 in mental anguish damages, and nearly $250,000 in expenses, including attorney's fees. The letter stated that if these amounts were not paid within 60 days, the Hayeses expected to recover "actual damages, along with damages for mental anguish, prejudgment interest, [and] attorney's fees" as well as "treble

6

damages." *See, e.g.*, *McAlister v. Hatbreeze Props., L.L.C.*, No. 02-11-00060-CV, 2012 WL 579436, at *8 (Tex. App.—Fort Worth Feb. 23, 2012, no pet.) (mem. op.) (letter threatening to file lawsuit unless full demand was paid indicates unwillingness to accept actual amount due).

At trial, the Hayeses presented evidence of $52,473.35 in economic damages, and they presented no evidence of mental anguish damages. The Hayeses' lawyer's "fee recap," which was admitted into evidence, showed that, as of October 1, 2009, the Hayeses had incurred only $952.50 in attorney's fees. In addition, USAA's expert testified that there was no indication in the Hayeses' lawyer's records that anyone had gone to the Hayeses' house, inspected it, or consulted with any contractors or roofers for estimates regarding the alleged damage at the time that the October 1, 2009 demand was made. By contrast, the jury returned a verdict for $25,000 in economic damages, plus $30,000 for USAA's knowing conduct and $2,000 for USAA's breach of the duty of good faith and fair dealing.[3] This is some evidence that the October 1, 2009 demand was excessive because it was unreasonable or made in bad faith at the time that it was made. Moreover, USAA adduced evidence in connection with its j.n.o.v. motion that the Hayeses rejected USAA's March 2011 settlement offer of $32,000, which was in addition to the $24,025.57 that they had been already paid. This is some evidence that the Hayeses

---

[3] The trial court disregarded the latter two awards.

7

refused a tender of the amount actually due. Accordingly, I would affirm the trial court's finding of excessive demand and corresponding reduction of the jury's award of attorney's fees.

## Conclusion

The majority correctly concludes that the record does not conclusively establish USAA's affirmative defense of excessive demand, but it errs in requiring conclusive evidence to support the judgment. The Hayeses took the position at trial that the critical piece of evidence supporting USAA's excessive-demand defense—the October 1, 2009 letter—was inadmissible. They repeatedly argued against admission of evidence relating to the excessive-demand issue, and both parties ultimately told the trial court that the excessive-demand issue—which was a disputed factual issue at trial—should be resolved by the trial court after the jury returned its verdict.

The evidence before the trial court was such that the trial court could have resolved the excessive-demand issue in favor of either party. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005) (if evidence would enable reasonable and fair-minded fact-finder to reach verdict, it is legally sufficient); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (evidence is factually sufficient unless finding is so contrary to overwhelming weight of evidence as to be clearly wrong and manifestly unjust). Having resolved the disputed fact issue in USAA's favor, the trial court's

factual finding should be accorded the same deference as a jury finding, i.e., it must be affirmed if it is supported by legally and factually sufficient evidence. *See Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994) (appellate court affords same deference to trial court and jury findings and affirms challenged trial court findings if they are legally and factually sufficient). Sufficient evidence supports the trial court's finding in favor of USAA on its affirmative common-law defense of excessive demand and, accordingly, the trial court's judgment should be affirmed. *See id.* Because the majority reverses for a new trial on attorney's fees, I respectfully dissent from the portion of the judgment reversing the award of $0 in attorney's fees to the Hayeses, and I concur in the remainder of the Court's judgment.

Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.

Huddle, J., concurring and dissenting.

9