ACCEPTED
05-18-00052-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
3/26/2018 6:09 PM
LISA MATZ
CLERK

## No. 05-18-00052-CV

# In the Fifth Court of Appeals

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
3/26/2018 6:09:20 PM
LISA MATZ
Clerk

**HELEN AUSTIN AND JOHN BENNETT WHITE, IV,**

*Appellants,*

**v.**

**MICHAEL W. MITCHELL,**

*Appellee.*

*On Appeal from Cause No. DC-17-17574*
*14th Judicial District Court, Dallas County, Texas*
*Hon. Eric V. Moyé, Judge Presiding*

## REPLY BRIEF OF APPELLANTS

J. Bennett White
  Texas Bar No. 21309800
  jbw@jbwlawfirm.com
J. BENNETT WHITE, P.C.
P. O. Box 6250
Tyler, Texas 75711
903-597-4300 Telephone
903-597-4330 Facsimile

**COUNSEL FOR APPELLANTS**

*Oral Argument Requested*

TO THE HONORABLE FIFTH COURT OF APPEALS:

The temporary injunction granted by the trial court suffers from many infirmities:

First, there is no likelihood that Mitchell has a viable cause of action against Austin.

Second, any injury sustained by Mitchell is compensable in damages.

Third, the evidence conclusively establishes the lack of an excessive demand and the lack of an effective tender.

Fourth, the trial court has impermissibly modified the parties' contracts by incorporating the "arbitrator's" findings and award.

These issues of great importance to every trial lawyer and commercial enterprise arise in the following context.

# TABLE OF CONTENTS

Table of Contents............................................................................................................ 3

Table of Authorities....................................................................................................... 4

Statement of Facts ......................................................................................................... 5

Brief of the Argument.................................................................................................... 6

    I.     Mitchell Never Tendered the Just Amount Owed ............................................. 6

    II.    Mitchell Insists on Misreading the Parties' Contracts ...................................... 7

    III.  Arbitration Hearing No Basis for Relief........................................................... 10

    IV.  Mitchell Has No Evidence To Support His Contentions................................... 11

        A.    Tender ....................................................................................................... 11

        B.    Excessive Demand.................................................................................... 11

Conclusion and Prayer................................................................................................. 13

Certificate of Compliance............................................................................................ 14

Certificate of Service .................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Baucum v. Great Am. Ins. Co. of New York*, 370 S.W.2d 863 (Tex. 1963) .................................... 6

*Branch Banking & Trust Co. v. TCI Luna Ventures*, *LLC*, No. 05-12-00653-CV, slip op.
(Tex. App. – Dallas 2013, no pet.) ................................................................................. 7, 9

*Findlay v. Cave*, 611 S.W.2d 57 (Tex. 1981) ............................................................... 13

*Staff Indus., Inc. v. Hallmark Contracting, Inc.*, 846 S.W.2d 542 (Tex. App. – Corpus
Christi 1993, no writ) ................................................................................................. 6

*Stewart Beach Condo. Homeowners Ass'n, Inc. v. Gili N Prop Invs, LLC*, 481 S.W.3d
336 (Tex. App. – Houston [1st Dist.] 2015, no pet.) .................................................. 12

**Rules**

TEX. R. APP. P. 38.1(g) ..................................................................................................... 5

TEX. R. CIV. P. 9.4(i)(2)(C) .............................................................................................. 14

## STATEMENT OF FACTS

Mitchell does not contradict any facts stated by Austin. TEX. R. APP. P. 38.1(g).

### Related Proceeding and Stay

Austin's principal brief asserts as a fact the existence of the previous stay order of this Court in Case No. 05-17-01309-CV. In the interim, this Court has clarified the order staying proceedings below by its March 7, 2018 order in Case No. 05-17-01309-CV. Given this Court's clarification of the ongoing stay of proceedings below, Austin withdraws her argument that the December 21, 2017 arbitration hearing were barred by this Court's November 16, 2017 stay order.

## BRIEF OF THE ARGUMENT

### I. Mitchell Never Tendered the Just Amount Owed

Mitchell makes no attempt to dispute the legal requirement of tender as a prerequisite to seeking injunctive relief against a foreclosure sale. See Appellee's Brief, pp. 9-14. Instead, Mitchell insists the injunction was supported by evidence he tendered the just amount owed. See Appellee's Brief, p. 2 ("undisputed evidence"), p. 9 ("has tendered full payment"), p. 10 ("has tendered payment"), p. 17 ("valid tender of payment"). However, at no place does Mitchell cite to any evidence that he made "an unconditional offer to pay the amount due." *Baucum v. Great Am. Ins. Co. of New York*, 370 S.W.2d 863, 866 (Tex. 1963); *Staff Indus., Inc. v. Hallmark Contracting, Inc.*, 846 S.W.2d 542, 548-49 (Tex. App. – Corpus Christi 1993, no writ). The evidence conclusively established that the only way for Austin to receive payment of even the undisputed portion of the debt was to accept conditions not contained in the note or deed of trust. RR vol. 1, p. 22:16-20; p. 26:3-7. Even Mitchell concedes Conner altered the parties' deed of trust. See Appellee's Brief, p. 5 ("… in accord with the process established in the Arbitrator's Findings and Award"). There was not an unconditional offer as required by law and Mitchell makes no attempt to argue otherwise

As a form of confession and avoidance, Mitchell contends he has "tendered" the amount owed through a contrived and altered definition of tender. Mitchell

relies solely on Conner's alteration of the promissory note and deed of trust, insisting that Conner had the authority to allow Mitchell to make what would amount to a "conditional tender," a completely absurd result. See Appellee's Brief, p. 5. Under the terms of the promissory note, Mitchell is obligated to pay Austin the amount agreed without any further action on her part. There is no provision in a typical promissory note to allow the borrower to withhold payment pending a pre-receipt commitment of acceptance from the seller. The borrower is obligated to tender the correct amount owed, and the lender is obligated to accept a correct tender – in that order. Even in the face of disagreement from the lender, the borrower bears the responsibility of tendering the correct amount.

Without tender, there is no basis to enjoin foreclosure. Since the evidence conclusively establishes the absence of sufficient tender, the trial court's injunction should be reversed and vacated.

## II. Mitchell Insists on Misreading the Parties' Contracts

In her principal brief, Austin cited to numerous examples where the parties' contracts were being misconstrued or misapplied. As noted below, there can be no probable right of recovery for a claim based on the incorrect interpretation of a contract. *Branch Banking & Trust Co. v. TCI Luna Ventures*, *LLC*, No. 05-12-00653-CV, slip op. at 6 (Tex. App. – Dallas 2013, no pet.).

First, Austin demonstrated how a correct interpretation of the arbitration

provision in the divorce Decree, as a matter of law, does not extend to the claims before the trial court. See Appellant's Brief, pp. 21-26. Mitchell deflects the argument, characterizing this as an ancillary matter. See Appellee's Brief, p. 17.

Second, Austin demonstrated that Mitchell's claim is predicated on an interpretation of the deed of trust that would bar Austin from demanding attorney's fees incurred while collecting amounts due under the promissory note, along with fees incurred while enforcing the deed of trust. See Appellant's Brief, pp. 18-20. Mitchell counters by claiming that the deed of trust lien has been rendered void by Mitchell's tender. See Appellee's Brief, p. 10. Mitchell cites no authority for this contention. Further, Mitchell seems to overlook that the very language he quotes from the deed of trust requires payment of the note "… and all other amounts secured by this deed of trust." See Appellee's Brief, p. 10. Mitchell's argument ignores that the deed of trust secures "other amounts." RR Ex. 3, p. 2.

Beyond that, Mitchell's asserted causes of action reflect an incorrect understanding of the respective roles of the parties in conjunction with foreclosure of the deed of trust lien. The trustee's role is to conduct the foreclosure sale when instructed by the lender. The trustee is obligated to proceed with the sale, unless and until the borrower remits payment. Once the borrower tenders payment in the amount demanded by the trustee, the trustee is obligated to cancel the sale; however, the trustee holds no lien to release and has no authority to release the

lender's lien. The lender's obligation to return the paid note and to release its lien does not materialize until payment is made. Mitchell attempts to alter that arrangement to require that Austin agree with the correctness of his tender in order to receive payment. Mitchell alleges that Austin has breached her obligation to him under the deed of trust even though no money has actually been paid to her. See Appellee's Brief, p. 10.

There is no probability for such a claim to prevail. Were Mitchell to actually make an unconditional tender of the amount he deemed to be the correct amount and Austin were to accept that amount, but not release her lien, then Mitchell could claim that Austin was in breach by not releasing her lien. However, for him to do so without actually remitting payment is to bring a nonexistent claim.

Mitchell's brief makes no argument as to how the language of the note and deed of trust limit Austin to only recovering attorney's fees for the foreclosure process.

Each incorrect contract interpretation accepted by the trial court amounts to legal error. Mitchell does not dispute that the trial court abuses its discretion where it grants injunctive relief on an erroneous contract interpretation. *Branch Banking*, No. 05-12-00653-CV, slip op. at 6.

A correct interpretation of the arbitration provision in the divorce Decree does not cover the claims brought by Mitchell within its scope. Accordingly,

Conner's December 21, 2017 hearing was not authorized by the parties and the trial court abused its discretion by relying on that proceeding in its Order.

A correct interpretation of the promissory note and deed of trust does not require that Austin agree to accept the amount offered in order to receive payment. There is no probability that Mitchell could recover on his breach of contract and declaratory judgment claims. In the absence of a probable right of recover, the trial court abused its discretion by enjoining Austin from foreclosure. Therefore, the injunction should be vacated and reversed.

## III.    Arbitration Hearing No Basis for Relief

The lynchpin of Mitchell's entire position is his insistence that the parties are bound by Conner's December 21, 2017 findings. In her brief, Austin not only asserted that Mitchell was misconstruing the arbitration provision in the Decree, but also that the evidence conclusively established that Conner's hearing was not conducted in conformity with the Decree. See Appellant's Brief, pp. 27-28. Mitchell does not address this argument in his brief.

Austin points out that the trial court's willingness to adopt Conner's findings conflicts with the court's own assertion that it was not going to replicate proceedings in the divorce court. See Appellant's Brief, pp. 21-22. Similary, Mitchell cites to the same comments by the trial court. See Appellee's Brief, pp. 17-18. Yet, while Austin cites to the inconsistency between the court's statement

and its Order, Mitchell suggests the trial court deemed certain aspects of Austin appeal as beyond review. Similarly, Mitchell insists that Conner's findings are binding on the trial court and are not capable of review. See Appellee's Brief, p. 19. Mitchell cites no authority and makes no argument to explain how this view would begin to pass muster under a due process analysis. Mitchell also ignores that there is no confirmed arbitration award and that the award is unenforceable until confirmed.

The trial court abused its discretion by incorporating Conner's arbitration award into its Order. Therefore, the injunction should be vacated and reversed.

## IV. Mitchell Has No Evidence To Support His Contentions

### A. Tender

As discussed above, Mitchell presented no evidence of legally sufficient tender.

### B. Excessive Demand

Mitchell argues there was evidence of excessive demand; however, Mitchell fails to identify that evidence. See Appellee's Brief, pp. 10-13. Mitchell simply argues as if the amount sought is facially and inherently excessive. See Appellee's Brief, p. 10. In doing so, Mitchell ignores the difference between evidence and argument of counsel. Mitchell also ignores that it was his burden to present sufficient evidence of an excessive demand; it was not Austin's burden to prove

11

the fees sought were reasonable. *Stewart Beach Condo. Homeowners Ass'n, Inc. v. Gili N Prop Invs, LLC*, 481 S.W.3d 336, 346 (Tex. App. – Houston [1st Dist.] 2015, no pet.) (probable right of recovery required some evidence by homeowners in support of excessive demand claim).

Instead, Mitchell places great emphasis on the injunction against foreclosure granted the property owners in *Stewart Beach*. See Appellee's Brief, pp. 13-14, *citing Stewart Beach*, 481 S.W.3d at 341. In this regard, Mitchell ignores fundamental distinctions between the evidence in *Stewart Beach* and the evidence here.

In *Stewart Beach*, the property owners supported their allegation of excessive demand with testimony that the attorney's fees demanded by the lender were "'clearly excessive,' not 'reasonable,' and 'unconscionable'." *See Stewart Beach*, 481 S.W.3d at 348 (expert testimony required if attorney's fees disputed). Mitchell presented no such evidence. *See Stewart Beach*, 481 S.W.3d at 347 (expert testimony required if attorney's fees disputed). Further, the undisputed expert testimony concerning Austin's attorney's fees is that the fees were reasonable and not excessive. RR vol. 1, p. 28:6-16; pp. 29:5 – 30:5. Conversely, in *Stewart Beach*, the lender failed to introduce expert opinion testimony that its fees were reasonable. *Stewart Beach*, 481 S.W.3d at 347.

Mitchell notes that the homeowners in Stewart Beach presented evidence of

excessive demand.  See Appellee's Brief, pp. 14.  However, Mitchell fails to note (a) the absence of any such evidence here, and (b) the undisputed presentation of expert testimony to the contrary.

Therefore, the nature of the evidence in the record here is in direct contrast to that in *Stewart Beach*.  While the homeowners in *Stewart Beach* carried their burden with expert testimony, Mitchell provided no such evidence.  While the lienholder in *Stewart Beach* presented no evidence that its attorney's fees were reasonable, Austin supported the attorney's fees demanded with competent expert testimony.  RR vol. 1, p. 28:6-16; pp. 29:5 – 30:5.  Finally, Mitchell attempts to equate a "less than full recovery" with "excessive," which is plainly not the law.  See Appellee's Brief, p. 11; *See Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981).

In the absence of evidence of an excessive demand, Mitchell has no excuse not to tender the entire payoff amount demanded by Austin.  Since Mitchell had no such evidence, the trial court abused its discretion by enjoining Austin's foreclosure sale.  Thus, the injunction should be vacated and reversed.

## CONCLUSION AND PRAYER

Austin prays that upon consideration of this matter that the Court sustain her various issues in opposition to the temporary injunction.  Accordingly, Austin requests that the preliminary injunction be reversed, vacated, and set aside.  Austin requests that she be rendered all relief capable of rendition.  For all relief that

cannot be rendered, Austin requests the matter be remanded with instructions for further proceedings in the court below.

Austin also prays for all other and further relief to which she may be justly entitled. Austin also requests general relief.

RESPECTFULLY SUBMITTED,

J. BENNETT WHITE, P.C.
P.O. Box 6250
Tyler, Texas 75711-7339
Telephone: (903) 597-4300
Telecopier: (903) 597-4330

_____
J. BENNETT WHITE
jbw@jbwlawfirm.com
State Bar No. 21309800

## CERTIFICATE OF COMPLIANCE

I certify that this Brief of Appellants includes 2,284 words and thus complies with the TEX. R. CIV. P. 9.4(i)(2)(C).

_____
J. BENNETT WHITE

## CERTIFICATE OF SERVICE

I certify that on March 26, 2018, I served a copy of this Brief of Appellants on the parties listed below by electronic service. My e-mail address is jbw@jbwlawfirm.com.

Jeffrey Cook
Sullivan & Cook
600 E. Las Colinas Blvd., Suite 1300
Irving, Texas 75039
jcook@sullivancook.com

**Attorney for Michael Mitchell, Appellee**

J. BENNETT WHITE