PER CURIAM
Hurricane Ike damaged the Fuenteses' home in 2008. The Fuenteses filed a claim with their insurer, State Farm, for exterior and interior damage. State Farm paid the Fuenteses $4,988.63 for exterior damage, but an adjuster concluded the hurricane did not cause the interior damage. The Fuenteses sued State Farm for breach of contract, breach of the duty of good faith and fair dealing, fraud, and Insurance Code violations. After filing suit, the Fuenteses' counsel sent State Farm a $392,000 demand letter.
State Farm pleaded an excessive-demand defense, but the trial court excluded all evidence of the demand letter and did not allow State Farm to submit a jury question on its defense. The jury found that both parties breached the insurance contract but that the Fuenteses breached first. The jury further found State Farm liable for Insurance Code violations, breach of its duty of good faith and fair dealing, and fraud. The jury awarded $18,818.39 in contractual damages resulting from State Farm's breach of the policy and $18,818.39 for each of the Fuenteses' extra-contractual claims.
*587 State Farm motioned the trial court for a take-nothing judgment based on the jury's finding that the Fuenteses breached the insurance contract first, arguing that the Fuenteses' breach excused State Farm from performing under the policy. The trial court denied that motion, disregarded two of the jury's findings about the Fuenteses' breach of the insurance contract, and rendered judgment for the Fuenteses, awarding them $18,818.39 for amounts owed under the insurance policy, $27,000 for mental-anguish damages, $7,527 in statutory penalties, and more than $300,000 in attorney's fees.
State Farm appealed, arguing the trial court erred in disregarding the jury's findings and in excluding evidence of the Fuenteses' demand letter. The court of appeals affirmed the trial court's judgment on both issues. As to the first, it held State Farm waived its argument because its briefing addressed only the Fuenteses' breach-of-contract claim and "did not challenge all of the freestanding [extra-contractual] grounds supporting the judgment." No. 14-14-00824-CV, 2016 WL 1389831, at *1 (Tex. App.-Houston [14th Dist.] Apr. 7, 2016) (mem. op.). It also rejected State Farm's argument that the trial court erred by excluding State Farm's excessive-demand defense. Id. at *6-7.
State Farm sought our review, arguing it did not waive its first issue because extra-contractual findings are not freestanding grounds supporting the judgment, but rather are dependent on contractual liability. State Farm maintains it has consistently argued that the jury's findings about the Fuenteses' breach of the policy preclude State Farm's liability, contractual or otherwise, as a matter of law. Any lack of clarity in its briefing, State Farm contends, is due to confusion in the law that existed prior to our decision in USAA Texas Lloyds Co. v. Menchaca , 545 S.W.3d 479 (Tex. 2018). State Farm also renews its argument that the trial court's exclusion of State Farm's excessive-demand defense requires a new trial.
While this case was pending before the Court, we issued our original opinion in Menchaca on April 7, 2017. We then granted rehearing in Menchaca , withdrew our original opinion and judgment, and re-issued a new opinion and judgment on April 13, 2018. In Menchaca , "we sought to fulfill our duty to eliminate confusion regarding the Court's previous decisions addressing insureds' claims against their insurance companies," including "whether the insured can recover policy benefits based on the insurer's violation of the Texas Insurance Code even though the jury failed to find that the insurer failed to comply with its obligations under the policy." Id. at 484. We remanded the case for a new trial in part "because the parties lacked the benefit of the clarity we provide[d]" in our opinion. Id. at 484. In doing so, we noted "the parties' obvious and understandable confusion over our relevant precedent and the effect of that confusion on their arguments in this case." Id. at 484.
State Farm argues that any perception that it waived its arguments on appeal results from pre-Menchaca confusion in the law. We pass no judgment on the court of appeals' briefing-waiver analysis. Instead, we conclude simply that the considerations that led us to remand for a new trial in Menchaca similarly dictate that State Farm's first issue-whether the trial court properly disregarded some of the jury's findings-should be remanded to the court of appeals for reconsideration in light of Menchaca . See TEX. R. APP. P. 60.2(f).
However, we affirm the court of appeals' judgment on State Farm's second issue. The court of appeals concluded that *588 "State Farm did not establish that the trial court's exclusion of evidence of the demand letter probably resulted in rendition of an improper judgment, much less that the Fuenteses were precluded from their statutory right to attorney's fees as a matter of law." 2016 WL 1389831, at *7. Generally, a "creditor who makes an excessive demand upon a debtor is not entitled to attorney's fees for subsequent litigation required to recover the debt." Findlay v. Cave , 611 S.W.2d 57, 58 (Tex. 1981) (citations omitted). But we have never addressed whether the excessive-demand defense applies when insureds make an excessive demand on their insurer. Even if it does, the court of appeals observed that "State Farm offered no evidence that it tendered, and the Fuenteses refused, the amount actually due. Nor did the demand letter clearly indicate that the Fuenteses intended to refuse tender of the actual amount due under the policy." 2016 WL 1389831, at *6. We find no fault in the court of appeals' analysis.
Accordingly, without hearing oral argument, we affirm the court of appeals' judgment in part, TEX. R. APP. P. 59.1, and vacate in part, remanding State Farm's first issue to the court of appeals for further proceedings in light of Menchaca . See TEX. R. APP. P. 60.2(f).